**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

    PlaintiReff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a Maryland corporation;,
PHILLIP JUSTUS, an individual, and
TRAVIS JUSTUS, an individual,

    Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS [DOC. NO. 9]**

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM"), Phillip Justus and Travis Justus (collectively "Defendants") by and through their counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submit the following Reply in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, as follows:

1. On July 14, 2016 Defendants filed a Motion to Dismiss and Incorporated Brief [Doc. No. 9].

2. Plaintiff failed to file a Response to Defendants' Motion which was due on or before August 4, 2016. D.C.COLO.LCiv.R 5.1(d). Plaintiff did not move for an extension of time to respond to Defendants' Motion. Accordingly, Plaintiff did not present evidence or arguments contradicting Defendants' Motion.

3.      On August 5, 2016, Plaintiff filed a Notice of Amended Complaint, pursuant to Fed.R.Civ.P. 15(a)(1)(B), presumably in an attempt to cure the issues raised in Defendants' Motion to Dismiss. [Doc. No. 13].   Plaintiff's Notice of Amended Complaint and Amended Complaint [Doc. No. 12] were untimely.   Specifically, Fed.R.Civ.P. 15(a)(1)(B) allows for the filing of an amended complaint 21 days after service of a motion under Rule 12(b).  Defendants served their Motion to Dismiss pursuant to Rule 12(b) via CM/ECF.  [Doc. No. 9].  Thus, an Amended Complaint, filed pursuant to Fed.R.Civ.P. 15(a)(1)(B), was due on or before August 4, 2016.  D.C.COLO.LCiv.R 5.1(d); Fed.R.Civ.P. 15(a)(1)(B)     Accordingly, Plaintiff's Notice of Amended Complaint and Amended Complaint were not timely filed.  To the extent the Court allows Plaintiff's untimely Amended Complaint, Defendants will file a separate Motion to Dismiss addressing Plaintiff's Amended Complaint.  D.C.COLO.LCivR 7.1(d) (prohibiting Defendants from presenting a motion in a reply brief).

4.      Defendants moved to dismiss Plaintiff's First Claim for Relief (Violations of Colorado Anti-Discrimination Act/CADA) on the basis that Plaintiff did not exhaust her administrative remedies for this claim.  The exhaustion of remedies is a jurisdictional issue. *Rydzeski v. Curian Capital, LLC*, No. 06-cv-01298-WDM-BNB, 2008 WL 465299 at *4 (D. Colo. Feb. 14, 2008).  Plaintiff bears "the burden of establishing subject matter jurisdiction." *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir. 2008).  Once jurisdiction is challenged, plaintiff must prove that jurisdiction is proper by presenting specific facts to support the allegations.  *Pytlik v. Professional Resources, Ltd*. 887 F.2d 1371, 1376 (10th Cir. 1989) (stating "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by

competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading.") (citation omitted).   Plaintiff did not meet her burden here as she did not present any allegations regarding jurisdiction and, once jurisdiction was challenged, she did not present any specific facts to support this Court's jurisdiction over her First Claim for Relief. Dismissal with prejudice is thus warranted.

5.   Defendants moved to dismiss Plaintiff's Second Claim for Relief (Violations of Title VII of the Civil Rights Act of 1964 and 1991) on the basis that Plaintiff's claim was not timely filed following the EEOC's Notice of Right to Sue.   As stated above, Plaintiff bears the burden of establishing this Court's jurisdiction over her claims and once jurisdiction is challenged, she must provide specific facts that support jurisdiction.   *Port City Props,* 518 F.3d at 1189; *Pytlik,* 887 F.2d at 1376.   Plaintiff did meet her burden as she did not allege that she timely filed a claim for violation of Title VII and did not present facts supporting a determination that she timely filed this claim.   Plaintiff's Second Claim for Relief should be dismissed with prejudice.

6.   Defendants Travis Justus and Phillip Justus additionally moved to dismiss Plaintiff's Second Claim for Relief brought against them in their individual capacity since individuals are not "employers" as defined under Title VII.   *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (stating that Title VII "liability is appropriately borne by employers, not individual supervisors.").   Additionally, Plaintiff did not identify either individual in her EEOC Charge and thus failed to exhaust her administrative remedies against both individuals.   Plaintiff also failed to present specific facts supporting this court's jurisdiction over both individuals once

jurisdiction was challenged.  Plaintiff does not dispute the propriety of dismissing Travis Justus or Phillip Justus in their individual capacity and thus dismissal of Plaintiff's Second Claim for Relief against Travis Justus and Philip Justus is warranted.

7.      Defendants moved to dismiss Plaintiff's Third Claim for Relief (Violations of FMLA – Retaliation and Interference) for failure to state a plausible claim.  Once again, Plaintiff did not dispute the merits of Defendants' Motion and thus, for the reasons stated in Defendants Motion, Plaintiff's Third Claim for Relief should be dismissed.   Further, Travis Justus and Phillip Justus moved to dismiss this claim on the basis that Plaintiff did not allege they are employers as defined under the FMLA, which Plaintiff did not dispute.   Accordingly, dismissal of Plaintiff's Third Claim for Relief against Travis Justus and Phillip Justus in their individual capacities is warranted.

8.      For the reasons stated in Defendants' Motion to Dismiss and as stated above, Defendants respectfully request this Court dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Respectfully submitted this 18th day of August, 2016.

By: */s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel: (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

## CERTIFICATE OF SERVICE

I hereby certify that on 18th day of August, 2016, I electronically filed the foregoing, Reply in Support of Motion to Dismiss, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Eric R. Coakley
Coakley Krol
2323 Central Park Boulevard, Suite 100
Denver, CO  80238
coakley@coakleykrol

*/s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel: (303) 293-8800
Fax: (303) 839-0036
E-mail: kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*