**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01550-KLM

ROBYN D. ROSS,

Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC.,
PHILLIP JUSTUS, and,
TRAVIS JUSTUS,

Defendants.

---

SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Fed. R. Civ. P. 16(b) scheduling and planning conference is scheduled for Thursday, August 24, 2016, at 10:00 a.m. The parties represented are:

Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Telephone: (303) 293-8800
E-mail: kblumhardt@mdmc-law.com

Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus

Eric R. Coakley
CoakleyKrol, LLC
2373 Central Park Blvd. - Suite 100
Denver, CO 80238
(303)803-1611

Attorneys for Plaintiff Robyn D. Ross

## 2. STATEMENT OF JURISDICTION

This Court has original Federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a Plaintiff: Plaintiff Robyn D. Ross is the mother of two young children with serious health conditions. Ms. Ross's son has potentially deadly, anaphylactic nut and peanut allergies while her daughter had blindness in one eye which required special ophthalmological treatment. Ms. Ross was hired as General Counsel of Defendant Professional Bureau of Collections of Maryland, Inc. ("PBCM") on March 29, 2013. During her employment with Defendant, Ms. Ross recalls only missing one day of work due to illness, and only rarely took parts of days off to care for her children. Ms. Ross met all job- performance goals, resulting in cost savings and reduced risk for Defendant PBCM. At the outset, Defendant PCBM was accommodating to Ms. Ross's familial needs and allowed her some flexibility in her schedule to deal with those issues.

Soon after her employment commenced, Ms. Ross observed, and became concerned about, the way in which male managers, executives, officers and owners of PBCM treated female employees. Such instances included yelling, cursing, and sexual innuendo. When Ms. Ross

raised those issues with her superiors, and in particular Defendants Phillip Justus and Travis Justus, rather than work with their General Counsel to address the issues, Ms. Ross was discouraged from pursuing the issues by yelling at and bullying Ms. Ross and making her the subject of sarcastic and derogatory jokes.

After Ms. Ross tried to address the issues with treatment of female employees, PCBM and other Defendants began making it difficult for Ms. Ross to adjust her schedule to meet her familial needs. In or about January of 2015, Ms. Ross filed for ongoing intermittent family leave time under the Family Medical Leave Act ("FMLA") so that she could take time away from her work to deal with her children's medical needs. Defendant Travis Justus and the PBCM tried to discourage Ms. Ross from filing her FMLA paperwork. Soon after Ms. Ross filed the paperwork, PBCM and Travis Justice began subjecting Ms. Ross to intense levels of scrutiny, sabotaging her job performance, and trying to humiliate her by having her do tasks that were well below her job position and ability. PBCM and Travis Justus also began subjecting Ms. Ross to intense scrutiny for time away from the office, docking her vacation time in situations other employees would not be docked, and physically intimidating Ms. Ross.

This course of events culminated on Sunday, February 1, 2015 when Ms. Ross sent an e-mail to Defendant Phillip Justus advising him that she would be late because of dealing with her son's severe allergy attack. A few days later, Ms. Ross was terminated and given a letter citing three reasons for her termination. None of the reasons given for Ms. Ross's termination were factually accurate and as such were a pretext for the true reasons for the termination of Ms. Ross

which was retaliation her efforts to address the widespread issues with sexual harassment and disparate treatment of female employees and her use of FMLA time to care for her family.

Based on these factual circumstances, Ms. Ross asserts three claims for relief:

First Claim for Relief - Title VII = Civil Rights Act of 1964 and 1991.

Second Claim for Relief - Retaliation under the FMLA.

Third Claim for Relief - Interference under the FMLA

b ' Defendant(s):

At this time, Defendants have moved to dismiss Plaintiff's Complaint and Amended Complaint. As a result, Defendants have not filed any specific defenses to Plaintiff's claims. Defendants provide the following description of defenses based upon the broad allegations raised thus far and reserve their rights to supplement this Scheduling Order, if necessary.

PBCM hired Plaintiff for the role as General Counsel in late March 2013. Due to the nature of PBCM's business operations, punctuality and attendance are key attributes to PBCM employees' performance, including Plaintiff. PBCM relies upon its General Counsel to be at work on time and during its regular business hours so that PBCM can seek legal counsel throughout the day on regulatory and other issues as they arise. During Plaintiff's relatively short tenure with PBCM, she had multiple performance issues including consistent violations of PBCM's Absenteeism and Tardiness policy. PBCM worked with Plaintiff in relation to her continued punctuality and attendance issues to no avail. Plaintiff was often late to work due to traffic issues, nanny issues, taking family members to the airport or the like. PBCM also had

issues with Plaintiff's disregard of other policies such as its Privacy, Confidentiality & Nondisclosure policy, Social Media policy, as well as issues with her job performance. Plaintiff also believed that she should be exempted from PBCM's employee policies due to her position in the company. In other words, she believed she should be treated differently than other PBCM employees. Plaintiff also openly resented having to report any attendance or punctuality issues to the head of PBCM's HR department, Russ Ray.

Ultimately, Plaintiff's performance issues cause PBCM significant harm, warranting her dismissal. One of Plaintiff's job duties included the renewal of licenses in each state. The licenses allow PBCM to perform its collection activities in each state. Plaintiff let a license expire on December 31, 2014 and this license could not be renewed for several months. This caused PBCM to lose significant revenue as it could not conduct its collection business in that state during the period that it did not have a valid license. As an attorney, Plaintiff cannot shift the responsibility to meet certain deadlines to her client. Yet this is exactly what Plaintiff attempts to do as she now blames Travis Justus for her failure to comply with this licensing deadline. Plaintiff also failed to file an answer to a claim filed in California and failed to have a company representative present at a hearing on the same matter. As a result, default was entered against PBCM resulting in an award of damages against PBCM. Plaintiff once again attempts to shift the blame for her failure to ensure the filing and attendance deadlines were met to non-legal personal. PBCM terminated Plaintiff's employment as a result of these performance issues. The fact that Plaintiff filed FMLA paperwork played no role in and had no bearing upon the

decision to terminate Plaintiff. Similarly, Plaintiff's status as a female played no role in and had no bearing upon her termination.

Defendants have several legal defenses to Plaintiff's claims but cannot reasonably address its defenses until such time that Plaintiff files a Complaint that Defendants can answer. Again, Defendants reserve their rights to assert such defenses when their Answers are due.

Additionally, subsequent to Plaintiff's termination, Defendants learned that Plaintiff had been actively involved in seeking other employment during the fall of 2014, prior to filing her FMLA paperwork. Plaintiff improperly sought assistance from PBCM's outside counsel in this effort and disparaged Defendants during her conversations with outside counsel. Had Defendants known of Plaintiff's disparaging statements at the time the statements were made, Plaintiff would have been immediately terminated for insubordination. By Plaintiff's own admission, she was discussing or disclosing what should have been confidential information with employees, outside counsel and others which is a violation of her fiduciary duty to PBCM and possibly a violation of her attorney-client privilege to PBCM. Further, PBCM learned that during PBCM's regular business hours, while Plaintiff was in PBCM's office and was being paid by PBCM, Plaintiff was also working for legal clients, other than PBCM, utilizing PBCM's equipment and resources to do so. Plaintiff's acts in this regard constitute a breach of her duty of loyalty to PBCM for which PBCM will seek damages in a counterclaim.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Robyn D. Ross is a resident of the city and county of Denver whose current address is 8903 E 24th Place, Unit 103, Denver, CO 80238.

2. Professional Bureau of Collections of Maryland, Inc. ("PBCM") is a Maryland corporation that provides debt management services to clients with consumers delinquent on their bills. PBCM is authorized to transact business in Coloradoand at all times relevant to this lawsuit employed more than 20 employees. PBCM's principal place of business is located at 5295 DTC Parkway, Greenwood Village, CO 80111.

3. Ross was hired as General Counsel of PBCM on March 29, 2013 by Defendant Travis Justus, who was the President of PBCM at that time.

4. As General Counsel, Ross's duties included:

a. Acting as department head and mentor for managers reporting from company departments including compliance, auditing, quality assurance, human resources and legal accounts;

b. Responding to EEOC complaints;

c. Managing outside counsel;

d. Renewing collection licenses in states where required; and

e. Filing annual reports in states where required.

## 5. COMPUTATION OF DAMAGES

Ms. Ross currently computes her damages as follows:

Back pay (February 2015 -August 2016): $38,000 (est.)
Front pay (10 years): $220,000
Punitive damages (42 U.S.C. § 12117(a); 42 U.S.C. § 1981a(a)(3))
Attorney fees: TBD
Costs: TBD
Future damages.

PBCM anticipates filing a counterclaim against Plaintiff for breach of the duty of loyalty. At this time, PBCM computes its damages as the amount of salary paid to Ross during the period of disloyalty.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting. Due to the pending Motion to Dismiss, and Plaintiff's change of counsel, the parties delayed the Rule 26(f) conference. The Rule 26(f) conference was held on August 16, 2016.

b. Names of each participant and party he/she represented.

Kristi Blumhardt for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus.

Eric R. Coakley for Plaintiff Robyn Ross.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

August 30, 2016.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties agree to exchange initial disclosures by August 30, 2016.

e. Statement concerning any agreements to conduct informal discovery:

- *None.*-

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

All documents will be produced as .pdf files, or some other readily accessible electronic format and, to the extent possible, exchanged electronically. Parties will work together to use a unified exhibit number system at depositions and trial.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

All documents will be produced as .pdf files, or some other readily accessible electronic format and, to the extent possible, exchanged electronically.

h Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed early resolution and determined that mediation may be helpful after some discovery.

## 7. CONSENT

All parties [have or have not] consented to the exercise of jurisdiction of a magistrate judge.

Consent form shall be filed on or before August 29, 2016.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

No changes. 10 depos per side 25 rogs per side

b. Limitations which any party proposes on the length of depositions.

7 hours per deposition.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

*Requests for Production 25 and Requests for Admission 25* per side

d. ~~Other Planning~~ or Discovery Orders See Addendum

**9. CASE PLAN AND SCHEDULE**

a. Deadline for Joinder of Parties and Amendment of Pleadings:

September 30, 2016.

b. Discovery Cut-off: March 31, 2017

c. Dispositive Motion Deadline: May 1, 2017

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

None at this time.

2. Limitations which the parties propose on the use or number of expert witnesses.

~~None at this time.~~ One expert per side, absent further leave of court.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 1, 2017

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2017 [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

e. Identification of Persons to Be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Robyn Ross | TBD | 9:00 a.m. | 7 hours |
| 30(b)(6) of PBCM | TBD | TBD | 7 hours |
| Phillup Justus | TBD | TBD | 7 hours |
| Travis Justus | TBD | TBD | 7 hours |
| Russ Ray | TBD | TBD | 7 hours |
| | | | |
| | | | |
| | | | |

f. Deadline for service of Interrogatories:

February ~~24~~ 10, 2017.

g. Deadline for service of Requests for Production of Documents and/or Admissions

February ~~24~~ 10, 2017.

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times: As needed.

a date TBD in the future.

b. A final pretrial conference will be held in this case on __________ at __ o'clock _m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury. Four days to the jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

-None-

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

DATED at Denver, Colorado, this 24th day of August, 2016.

BY THE COURT:

United States Magistrate Judge

APPROVED:

*s/ Eric R Coakley*
Eric R. Coakley
CoakleyKrol, LLC
2373 Central Park Blvd. Suite 100
Denver, CO 80238
Telephone: (303)803-1611
Attorney for Plaintiff Robyn D. Ross

*s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
Greenwood Village, CO 80111
Telephone: (303) 293-8800
Attorney for Defendants
Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus

Civil Action No. 16-cv-1550-KLM

---

**ADDENDUM TO SCHEDULING ORDER**

---

IT IS HEREBY **ORDERED** as follows:

1. The parties shall adhere to the Sedona Principles regarding disputes relating to electronic discovery. See www.thesedonaconference.org.

2. The discovery cut-off date is the deadline for completing discovery *and* the deadline for making discovery motions.

3. The parties shall file a proposed Order under F.R.E 502(d) on or before August 31, 2016.

4. The parties shall file a joint status report explaining in detail their efforts to settle the case on or before March 1, 2017.

5. All discovery motions shall be made in compliance with Magistrate Judge Mix's discovery procedures. See www.cod.uscourts.gov.

Dated: August 24 2016

Kristen L. Mix
United States Magistrate Judge