**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

       Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a
Maryland corporation,
PHILLIP JUSTUS, an individual; and
TRAVIS JUSTUS, an individual,

       Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AND INCORPORATED BRIEF**

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM"), Phillip Justus and Travis Justus (collectively "Defendants") by and through their counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submit their Reply in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 19] as follows:

## <u>INTRODUCTION</u>

As an initial matter, Defendants withdraw their objection to the timeliness of Plaintiff's Amended Complaint in this matter.  Additionally, in light of Plaintiff's September 15, 2016 Notice of Errata, Doc. No. 28, Defendants withdraw that portion of the Motion to Dismiss which relates to whether Plaintiff filed the Title VII claim within 90 days of receipt of the EEOC's Right to Sue.

The parties have an obligation under the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Plaintiff's inclusion of "facts" which Plaintiff concedes are not actionable, under the guise of providing "background" is inconsistent with Plaintiff's mandate under Fed.R.Civ.P. 1. This is particularly true given the vast majority of "facts" alleged in the Amended Complaint cannot be considered by the Court in support of Plaintiff's claims because the alleged "facts" occurred more than 300 days prior to the filing of Plaintiff's EEOC Charge and/or were not raised with the EEOC during the investigation of Plaintiff's Charge, as described in more detail below.

After paring down Plaintiff's allegations to those which may be considered in evaluating Plaintiff's claims, Plaintiff's claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). First, Defendants Phillip Justus and Travis Justus' moved to dismiss Plaintiff's Title VII claim(s) against each as the Amended Complaint does not facially allege that Plaintiff exhausted her administrative remedies against either as an "employer" and because she cannot establish that she exhausted her remedies against either. Plaintiff did not dispute Phillip Justus and Travis Justus' argument in this regard and did not present any facts that would support a determination that she exhausted her administrative remedies. Accordingly, Plaintiff's Title VII claim(s) against Phillip Justus and Travis Justus should be dismissed.

Defendants Phillip Justus and Travis Justus also moved to dismiss Plaintiff's FMLA claims against them as Plaintiff did not allege facts to support her conclusory allegation that

either Phillip Justus or Travis Justus were her employers.   Once again, Plaintiff does not

dispute this point and thus the FMLA claims against Phillip Justus and Travis Justus should

be dismissed.

Plaintiff's Title VII claim against PBCM should be dismissed because Plaintiff failed

to timely exhaust her administrative remedies as to the majority of the allegations

supporting her various Title VII claims.  She also fails to state plausible claims of Title VII

violation(s).

Lastly, PBCM moved to dismiss the FMLA claims because Plaintiff's collective

identification and references to "Defendants" is improper and does not allow the

Defendants to reasonably understand which allegations relate to which purported employer

Consequently, Plaintiff does not assert plausible claims for relief under the FMLA against

Defendants.

## **ARGUMENT**

### A.     **Plaintiff did not exhaust her administrative relief against Travis Justus or Phillip Justus.**

As a pre-requisite to this Court's subject matter jurisdiction over Plaintiff's Title VII

claims, she must first exhaust her administrative remedies with the EEOC. *Rydzeski v.*

*Curian Capital, LLC*, No. 06-cv-01298-WDM-BNB, 2008 WL 465299, at * 4 (D. Colo. Feb.

14, 2008) (stating "a plaintiff must exhaust administrative remedies with the EEOC prior to

filing a Title VII claim in federal district court.") *(*citations omitted).  Plaintiff bears the

burden to show, by competent evidence, that she properly exhausted the claims she asserts in

federal court.   *McBride v. CITGO Petro. Corp.* 281 F.3d 1099, 1106 (10th Cir. 2002) (citation omitted).   Additionally, a Rule 12(b)(1) motion "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Park v. Fiserv Trust Co.*, No. 10-cv-00189-PAB-CBS, 2010 WL 5093796, at *1-2 (D. Colo. Sept. 30. 2010) (citation omitted).

The exhaustion of remedies is a jurisdictional issue.  *Rydzeski,* 2008 WL 465299, at *4. When jurisdiction is challenged in a Motion to Dismiss, the plaintiff bears the burden of establishing jurisdiction and must do so by providing competent proof supporting facts that a court has jurisdiction to hear a claim.  *Pytlik v. Professional Resources, Ltd*., 887 F.2d 1371, 1376 (10th Cir. 1989) (stating a "plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading.") (citation omitted).

Plaintiff's Amended Complaint does not specifically allege that Plaintiff exhausted her administrative remedies against either Phillip Justus or Travis Justus as her "employers" but instead includes one conclusory allegation that she "exhausted all administrative remedies prior to fling [*sic*] this action …".  Doc. No. 12, ¶ 58.   Plaintiff did not provide competent proof of facts supporting a determination that she exhausted her remedies against either Phillip Justus or Travis Justus.  Doc. No. 29-1, 29-2.  Indeed, Plaintiff does not dispute the fact that she did not identify either Phillip Justus or Travis Justus as "employers" in her EEOC Charge.  Doc. No. 29.  Accordingly, Plaintiff did not meet her burden of establishing this Court's jurisdiction over either Phillip Justus or Travis Justus in relation to any claim(s)

4

brought under Title VII and thus Plaintiff's Title VII claim(s) against Phillip Justus and Travis Justus should be dismissed.

**B.**      **Plaintiff's First Claim for Relief against PBCM for the alleged multiple violations of Title VII cannot stand.**

Plaintiff's Title VII claim violates Rule 10(b) which provides that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F3d 955, 980 (11th Cir. 2008) (relaying that an "all-encompassing discrimination" claim with "untold causes of action all bunched together in one count [is] contrary to the requirements of Federal Rules of Civil Procedure 10(b)").   According to Plaintiff's Response Brief, Plaintiff's First Claim for Relief seeks redress for three separate violations of Title VII including (1) disparate treatment; (2) hostile work environment; and (3) retaliation.   Doc. No. 29, pp. 6 – 9.   However, a facial review of the Amended Complaint reveals a hodgepodge of assertions, with general references to allegations "as detailed above", and conclusory statements referencing elements of various different Title VII violations.   Doc. No. 12, ¶¶ 54 – 58.  Plaintiff's shot gun pleading method leaves Defendants to guess which allegations apply to which elements and/or claims.  *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014) (criticizing shot gun pleadings which make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (citation omitted).  Nevertheless, Defendants address each claim as best they can, as follows:

### 1. **Plaintiff failed to exhaust her administrative remedies in relation to her disparate treatment claim.**

Plaintiff's disparate treatment claim should be dismissed under Fed.R.Civ.P. 12(b)(1). Plaintiff bears the burden to show by competent evidence that she properly exhausted her remedies in relation to her Title VII claims. *McBride,* 281 F.3d. at 1106. The failure to exhaust administrative remedies is a bar to subject matter jurisdiction. *Id.* Furthermore, Plaintiff is barred "from suing on claims for which no administrative remedy had been sought, when those incidents occurred more than 300 days prior to the filing of plaintiff's EEO complaint." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Id.* (citation omitted). Courts should not "consider allegations of discrimination arising from events that transpired prior to … the date which marks 300 days prior to when Plaintiff filed [her] EEO complaint." *Steele v. Stallion Rockies Ltd*., 106 F. Supp. 3d 1205, 1216 (D. Colo. 2015). The Court may "consider evidence to resolve disputed jurisdictional facts" including evidence "outside the pleadings" without converting "the motion to dismiss into a motion for summary judgment in such circumstances." *SK Finance SA v, La Plata County, Bd. of County Comm'rs,* 126 F.3d 1272, 1275 (10th Cir. 1997). To that end, Plaintiff attached her January 22, 2016 EEO Rebuttal Letter ("EEO Rebuttal Letter") (Doc. No. 29-2) in support of her claims.

In this matter, Plaintiff filed her EEO Charge on April 28, 2015. Three hundred days prior to April 28, 2015 is July 2, 2014. Accordingly, all allegations that occurred prior to

July 2, 2014 are barred from consideration as part of Plaintiff's disparate treatment claim because Plaintiff did not timely exhaust her administrative remedies relating to each alleged incident.

The EEO Rebuttal Letter establishes that Plaintiff did not exhaust her administrative remedies within 300 days of each incident of alleged discrimination and thus Plaintiff is barred from relying upon those acts in support of her Title VII disparate treatment claim.  For example, Plaintiff's Response argues "clearly [Plaintiff] alleges she was treated differently than male executives at PCBM [*sic*]" and references examples in the Amended Complaint that presumably give "specific names, of male managers and executives publicly berating and humiliating female employees,, [*sic*] and managements failure to address those issues."  Doc. No. 29, p. 6 of 11.    Plaintiff points to allegations contained in the (Amended) Complaint at paragraphs 18 – 22.   Id.    All of the allegations contained in the Amended Complaint at paragraphs 18 – 22 occurred prior to July 2, 2014 and thus cannot support a plausible claim of a Title VII disparate treatment claim.  Specifically, the alleged incidents in paragraphs 18 – 21 of the Amended Complaint facially refer to an incident Plaintiff alleges occurred in May of 2013.   The alleged incidents referenced in paragraph 22 of the Amended Complaint are addressed in Plaintiff's EEO Rebuttal Letter wherein they are specifically identified as occurring during "the remainder of 2013".  Doc. No. 29-2, p. 3 of 9.

Plaintiff next references paragraphs 22 – 26 of the (Amended) Complaint.  Paragraph 22 is addressed above however Plaintiff broadens the allegation from something that Plaintiff overheard in relation to one employee, to "telling ***employees*** to 'stop being a pussy' ***when***

***they complained about their treatment***".  Doc. No. 29-2, p. 3 of 9.  Nowhere in the EEO Rebuttal Letter or the Amended Complaint is there an allegation that this incident related to multiple female employees or that multiple female employees "complained about their treatment".  Paragraph 22 of the Amended Complaint instead alleges that Ross witnessed "an incident where Defendant Travis Justus instructed a female employee to 'stop being a pussy'" and the allegation does not suggest that this alleged comment was in response to anyone's complaint about "their treatment".  Doc. No. 12, ¶ 22.  Similarly, Plaintiff's EEO Rebuttal Letter alleges that Plaintiff "overheard a female manager being instructed to 'stop being a pussy,' by Travis Justus."  Doc. No. 29-2 p. 3 of 9.  Plaintiff's exaggeration of this alleged incident is meritless and does not alter the fact that the allegation cannot be considered in support of Plaintiff's claim as it occurred in 2013, well outside of the 300 day deadline.

The allegations within paragraphs 23 – 26 of the Amended Complaint also occurred in 2013 or were never raised as a discrete incident of disparate treatment with the EEOC and thus cannot be considered as supporting Plaintiff's Title VII claim.  Specifically, Plaintiff's example of Defendants' alleged conduct "referring to female employees as 'frigid'" (paragraph 23 of the Amended Complaint) is reported by Plaintiff as occurring "[d]uring the remainder of 2013".  Doc. No. 29-2, p. 3 of 9.  The example that Defendants' instructed "them to smile more" is again an exaggeration of the actual allegation.  The actual allegation is that Plaintiff was allegedly told to smile more when dealing with an alleged "hostile tenant" in a building owned by Travis Justus - not that multiple female employees were told to smile more.

Doc. No. 12, ¶ 24.a.  Plaintiff does not provide a specific date as to when this occurred by certainly implies the incident occurred in 2013 as the EEO Rebuttal Letter states it occurred "[f]ollowing this [2013] encounter with Mr. Brechbill".  Doc. No. 29-2 p. 3 of 9.

Plaintiff next argues that the examples include Defendants "making references to female employees' body types and dress".  Doc. No. 29, p. 6 of 11; Doc. No. 12, ¶ 24.b. and 24.d. Plaintiff did not raise such discrete incidents of alleged discrimination with the EEOC.  Doc. No. 29-2, pp. 1 – 11.  The same is true of Plaintiff's reference to overhearing an alleged conversation regarding "penis injections."  Id.; Doc. No. 12, ¶ 24.e.  Accordingly, the allegations contained in paragraph 24.b., d., and e. cannot support a plausible claim of Title VII disparate treatment claim.  Next, Plaintiff's argues that Defendants made sexual references to females about semen.  Doc. No. 29, p. 6-11.  No such allegation exists but Plaintiff did allege that when speaking to Plaintiff about a food that Plaintiff mentioned was high in protein, Travis Justus allegedly asked "you know what else is high in protein" which Plaintiff assumed referenced semen.  Doc. No. 12, ¶ 24.c.  This allegation must be disregarded as it falls outside of the 300 day deadline.  Doc. No. 29-2, p. 5 of 9 (stating "[i]n June 2014, she again complained to Mr. Ray about Travis Justus' attempt to engage her in a joke about the high protein content of semen with him the day before.").

Plaintiff includes an alleged example of Defendants' "criticizing women for being too 'feminine', and using 'feminine' as a synonym for 'stupid'".  Doc. No. 29, p. 6 of 11.  Once again, Plaintiff's argument is exaggerated as the Amended Complaint references one alleged incident between Travis Justus and Plaintiff in which she claims he said he knew that she was

not stupid, just so feminine but that is fine, you're a woman.  Doc. No. 12, ¶ 24.f.   This alleged incident occurred on May 6, 2014.  Doc. No. 29-2, p. 5.  Consequently, the allegation cannot be used to support Plaintiff's Title VII disparate treatment claim as it occurred outside the 300 day deadline.

Plaintiff's Response also refers to alleged "sexual advances toward , [*sic*] and sexual relationships with, female subordinates, male, and a description of one executive, Travis Justice, [*sic*] rubbing his genitals through his pants when speaking to female employees."  Doc. No. 29, p. 7 of 11[1].  Plaintiff's references to "sexual advances", "sexual relationships" and Travis Justus allegedly rubbing his genitals was not included in Plaintiff's EEOC Charge and thus cannot be used to support her Title VII disparate treatment claim.   Doc. No. 29-2, pp. 1 – 11. Additionally, Plaintiff's allegations relating to alleged sexual relationships between PBCM employees have no bearing upon Plaintiff's claims.  Title VII does not prohibit employees to engage in sexual relationships with each other as Plaintiff should well know given she alleges that she drafted EEOC responses on behalf of PBCM.

In sum, Plaintiff did not timely exhaust her administrative remedies in relation to each discrete event that Plaintiff relies upon as supporting her disparate treatment claim.   Each act occurred more than 300 days before Plaintiff filed her EEOC Charge.   As a result, this Court lacks subject matter jurisdiction to hear Plaintiff's disparate treatment claim and Plaintiff's claim should be dismissed.

---

[1] The Amended Complaint attributes this act to Phillip Justus, not Travis Justus.  Doc. No. 12, ¶ 26.  Plaintiff did not identify this alleged act regardless of who she claims did this in her EEOC Charge.  Doc. No. 29-2, pp. 1 – 11.

**2.**       **Plaintiff does not state a plausible disparate treatment claim.**

While the Rule 12(b)((6) standard does not require Plaintiff to establish a prima facie case of disparate treatment, "the elements of each alleged cause of action help to determine whether a plaintiff has set forth a plausible claim."   *Rogers v. Nat'l Oilwell Varco Tuboscope*, No. 14-cv-01599-JLK, 2014 WL 4084243, at * 1 (D. Colo. Aug. 19, 2014) citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).   A prima facie case of gender discrimination under Title VII requires a plaintiff show that "she is a member of a protected class, she suffered an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination."   *Bennett v. Windstream Communication, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015) (citation omitted). Plaintiff does not allege an actionable disparate treatment claim.

Plaintiff's Amended Complaint does not plainly allege to which protected class she belongs.   She first alleges that she "was a mother of two young children with serious health conditions (Doc. No. 12, ¶ 9), and she alleges that she complained that she was being held to a different, higher standard due to being a woman and being the only executive at PBCM with small children (Id. at ¶ 33).   Title VII does not recognize, as a separate protected class, women with young children with serious health conditions or executives with small children. Thus, it is difficult to assess exactly who all Plaintiff contends is not in her protected class – women without young children who suffer from serious health conditions, women who are executives without small children, men without young children who suffer from serious

health conditions or men who are executives without small children.  Plaintiff's Response appears to limit her class to "executives" at PBCM (Doc. No. 29, p. 6 of 11) but then addresses allegations relating to female employees at PBCM as a whole (Id.).

Additionally, as detailed above, Plaintiff is barred from relying upon alleged fact that occurred more than 300 days from her filing of the EEOC Charge in support of her disparate treatment claim.  Plaintiff's Response establishes that Plaintiff's Title VII disparate treatment claim is based in whole upon facts that occurred more than 300 days from her filing of the EEOC Charge.  Doc. No. 29, pp. 6 – 7.  Accordingly, Plaintiff cannot state a plausible claim of disparate treatment under Title VII and her claim should be dismissed with prejudice.

Lastly, Plaintiff argues that she was terminated "which is clearly an adverse employment action."  Doc. No. 29, p. 7 of 11.  While termination is generally considered an adverse employment action, Plaintiff must also tie the disparate treatment to her termination.  Plaintiff does not address a causal connection between any alleged disparate treatment that occurred within 300 days of her EEOC Charge and her termination.  Id.  Plaintiff cannot do so here.

In light of Plaintiff's complete reliance upon alleged facts that occurred outside of the 300 day deadline and/or alleged facts that were not raised with the EEOC as supporting her disparate treatment claim, Plaintiff cannot establish a plausible claim for a disparate treatment claim under Title VII.  Plaintiff's claim should be dismissed.

**3.      Plaintiff failed to exhaust her administrative remedies for a Title VII hostile work environment claim.**

Plaintiff attaches her EEO Rebuttal Letter as proof Plaintiff exhausted her administrative remedies, including a claim for a Title VII hostile work environment claim. Doc. No. 29, p. 9 of 11.    Plaintiff's attachment does not identify a hostile work environment as one of her claims.  Doc. No. 29-2, pp. 1 – 11.    Plaintiff plainly addresses "Disparate Treatment toward Ms. Ross because of her Sex and Position as a Mother/Caregiver" in the letter.  Id. at p. 3 of 9.   Plaintiff also plainly addresses "Retaliation against Ms. Ross because of her Sex and Position as a Mother/Caregiver."   Id. at p. 6 of 9.   Plaintiff includes another heading "Derogatory Comments to and about Women at PBCM" (Id. at p. 2 of 9) but nowhere under this heading or anywhere else in the letter are the words "hostile work environment" used.   Plaintiff, who touts as one of her skills, responding to and drafting EEOC position statements for PBCM (Doc. No. 12, ¶¶ 8.b. and 9.a.), surely understands the elements of a hostile work environment claim.    Yet she never mentions a hostile work environment or that the environment was so permeated with discriminatory intimidation, ridicule and insult based upon her gender, which was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment or that her work was so substantially effected that it was intolerable for her to continue.  Doc. No. 29-2.

Indeed, the majority of the allegations contained in the "derogatory comments" section of Plaintiff's Rebuttal Letter address one incident that occurred in May of 2013 involving an alleged interaction that Plaintiff claims she witnessed which reportedly involved

yelling, but did not in any way involve comments that related to gender or any other protected status, or that stemmed from gender animus.  Indeed, the incident did not actually involve any "derogatory comment" whatsoever.  Doc. No. 29-2, p. 3 of 9.   Rather, Plaintiff reports "berating and humiliating" and "shouting", *i.e.* hostile, but the reported incident in no way relates to derogatory comments, names, and so forth such that this incident could be construed as violating Title VII.   Doc. No. 29-2, pp. 2 and 3 of 9.

The last paragraph of this "derogatory comment" section addresses two isolated incidents that occurred in 2013. The first allegedly involved Travis Justus instructing a female manager to "stop being a pussy" and the other involved two employees allegedly emailing each other about a female compliance officer being "frigid", referencing them having sex, and the email was purportedly left on the office printer. Id. at p. 3 of 9. Plaintiff also states that in 2013 she witnessed "several instances of female employees being managed inappropriately" but does not in any way provide specifics that the conduct was illegal, or that could be construed as creating an actionable Title VII hostile work environment claim. Id.   Moreover, nothing in Plaintiff's Rebuttal Letter identifies acts that she alleges created a hostile work environment following 2013.

In sum, Plaintiff did not exhaust her administrative remedies with the EEOC in relation to a Title VII hostile work environment claim and thus she is barred from claiming a Title VII hostile work environment in this action.   Plaintiff's Title VII hostile work environment claim should be dismissed.

**4.    Plaintiff does not plead a plausible Title VII hostile work environment claim.**

A Title VII hostile work environment claim involves a "workplace [that] is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (quotations omitted).  Plaintiff does not allege a plausible hostile work environment claim as she does not assert or identify allegations relating to any conditions of her employment being altered or who altered any conditions of her employment.  Plaintiff's Response points to the same allegations addressed above in the "derogatory comment" section of her EEOC Rebuttal Letter and reiterated in the Amended Complaint at ¶¶ 18 – 22.   Doc. No. 29-2, p. 7 of 11.  Again, the allegations in paragraphs 18 – 21 reference the alleged May 2013 interaction that does not relate to, identify, or allege that the incident involved any gender animus, name-calling, derogatory comment or anything else that supports a determination that the incident somehow violated Title VII.  Allegations of "general harassment if not racial or sexual [are] not actionable." *Bolden v. PRC, Inc.*, 43 F.3d 545, 551 (10th Cir. 1994).

The allegations contained in paragraph 22 of the Amended Complaint again were addressed as one isolated incident in 2013 in which Travis Justus allegedly told a female manager to "stop being a pussy".  It is well established that "[t]he mere utterance of a statement which 'engenders offensive feelings in an employee' would not affect the conditions of employment to a sufficient[ly] significant degree to violate Title VII.'" *Gross*

15

*v. Burggraf Construction Co.*, 53 F.3d 1531, 1537 (10th Cir. 1995) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (alteration in original).   The allegations in paragraph 22 of the Amended Complaint also include a new broad allegations of "abusive behavior" and "sexual innuendo", none of which is sufficiently detailed to include who allegedly perpetrated the "abusive behavior" and "sexual innuendo", when it occurred, or who was the recipient of the alleged conduct.   As such, these broad allegations cannot support a plausible Title VII hostile work environment claim.   *Khalik*, 671 F.3d at 1194 (ruling that vague allegations that lack sufficient detail to provide context, or who did what to whom, do not meet the plausibility standard set forth in *Twombly/Iqbal*).

Plaintiff's Response also points to paragraph 34 of the Amended Complaint but the Response alters that actual allegation contained in the Amended Complaint.  Doc. No. 29, p. 7 of 11. Specifically, paragraph 34 does not allege that "Travis Justice [*sic*] also told Ms. Ross that it is inappropriate to complain to human resources about sexual harassment and that she better 'watch herself' for trying to do so".  Id.   Instead, paragraph 34 alleges that Travis Justus told her it was inappropriate to complain to Human Resources that policies were being unevenly enforced."  Doc. No.12, ¶ 34.   It is unclear how this one misreported isolated incident relates to the elements of a hostile work environment.   Indeed, the remaining portion of paragraph 34 relates to the alleged "beginning of PBCM's retaliation against Ross" following her submission of FMLA paperwork.  Id. at ¶¶ 33 – 34.   Moreover, Plaintiff's EEOC Rebuttal Letter specifically attributes this incident to Plaintiff turning in

her FMLA paperwork – not in relation to complaining about sexual harassment.  Doc. No. 29-2, p. 6 of 9.

In light of the above, Plaintiff does not state a plausible Title VII hostile work environment claim and this claim should be dismissed.

5.      **Plaintiff does not state a plausible Title VII retaliation claim and failed to exhaust administrative remedies relating so several alleged events.**

In support of Plaintiff's Title VII retaliation claim, Plaintiff's Response argues that Plaintiff reported "incidents of inappropriate behavior" to Travis Justus or Russell Ray and that after she became subject to "intense scrutiny in the performance of her work that males were not subject to, and that defendants refused to allow her flexibility in her schedule that other executives enjoyed, necessitating her filing for FMLA time."  Doc. No. 29, p. 8 of 11. The actual allegations Plaintiff relies upon (paragraphs 33 – 36, 43, 44 – 47 of the Amended Complaint) relate to events that allegedly occurred after Plaintiff submitted FMLA paperwork to PBCM (not before which then necessitated her filing for FMLA time) and appear to relate in whole to Plaintiff's FMLA retaliation claim.

Moreover, several of the allegations were not identified or raised with the EEOC and thus Plaintiff did not exhaust her administrative remedies as to those incidents.   Such allegations should not be considered as supporting Plaintiff's Title VII retaliation claim. Specifically, the allegation relating to the purported cell phone policy found in paragraph 43 of Plaintiff's Amended Complaint was not identified or raised with the EEOC and thus should be disregarded from consideration.   Doc. No. 29-2, pp. 1 – 11.   The same is true of

the allegation relating to the purported email Plaintiff allegedly received from a PBCM Board Member as alleged in paragraph 44 of the Amended Complaint. Id. Similarly, the allegations in paragraph 45, 46 and 47 of the Amended Complaint were not addressed or raised with the EEOC and thus should not be considered as supporting Plaintiff's Title VII retaliation claim. Id. *Rydzeski,* 2008 WL 465299, at *4 (ruling that a plaintiff must exhaust administrative remedies for discrete acts such as disparaging remarks, unjustifiable criticism and unfair evaluations and the failure to include such allegations in the EEOC Charge warrants dismissal for failure to exhaust administrative remedies). In sum, Plaintiff does not allege a plausible Title VII retaliation claim.

**C.**    **Plaintiff does not state a plausible claim for interference or retaliation of Plaintiff's FMLA rights against Defendants.**

Plaintiff does not address one of the key issues raised in Defendants Motion in relation to Plaintiff's amended FMLA claims. Namely, Plaintiff's Amended Complaint contains conclusory allegations that Phillip Justus and Travis Justus are "employers" as defined under the FMLA. Doc. No. 12 at ¶¶ 3 and 4. This court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 500 U.S. at 555 (quoting citation omitted). Plaintiff is obligated to provide more than labels and conclusions to in establishing her grounds for relief. *Id.* Plaintiff does not allege why either individual is an "employer" as defined by the FMLA and she does not allege what acts they did in their alleged capacity as an "employer" that violated the FMLA. Plaintiff's Response completely ignores this issue. Accordingly, Plaintiff

does not plead a plausible interference or retaliation claim against either Travis Justus or Phillip Justus and this claim should be dismissed with prejudice.

Additionally, Plaintiff does not separate or distinguish which allegations give rise to which of the Defendants alleged liability under the FMLA. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that the collective reference to "defendants" when referring to a variety of entities and individuals makes it "impossible for any of these individuals to ascertain what particular [] acts they are alleged to have committed."); *Colorado Legal Services v. Legal Aid Nat. Services*, No. 08-cv-00258-MSK-KMT, 2009 WL 347500, at *3 (D. Colo. Feb. 11, 2009) (dismissing claims based upon plaintiff's collective use of the term "defendants", without distinction among the various defendants, because this does not allow the defendants to ascertain what particular acts they have committed).

In this matter, Plaintiff improperly groups all Defendants together and collectively attributes all acts to all "Defendants" in the Second and Third Claim for Relief. Doc. No. 12, ¶¶ 59 – 82. By way of example, Plaintiff alleges "Defendants took materially adverse employment actions against Ross in retaliation for her filing of her FMLA claim. [*sic*] in an attempt to dissuade her from filing for FMLA and from using the rights afforded to her by the FMLA." Id. at ¶ 62. Similarly "Defendants denied Ross the FMLA benefits she was entitled." Id. at ¶ 68. Plaintiff alleged "Defendants retaliated against Ross and took materially adverse employment actions against Ross …". Id. at ¶ 75. The Amended Complaint does not separately allege which allegations support which claims for relief as against each separate Defendant. Moreover, it is neither Defendants nor the Court's job to

"separate the wheat from the chaff" and "stitch together cognizable claims for relief". *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  As stated in Defendants' Motion, Plaintiff's allegations jump back and forth between dates, between apparent subjects, are muddled on dates, and appear to include every slight Plaintiff perceived, whether actionable or not and whether relevant or not.  Defendants cannot possibly discern which allegations relate to Travis Justus as opposed to Phillip Justus as opposed to PBCM.   Accordingly, Plaintiff thus does not plead a plausible claim of FMLA interference or retaliation against Defendants and Plaintiff's Second and Third Claim for Relief should be dismissed.

In conclusion, for the reasons stated above, Defendants respectfully request this Court dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Respectfully submitted this 3rd day of October, 2016.

By: */s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2016, I electronically filed the foregoing, Reply In Support Of Defendants' Motion To Dismiss Plaintiff's Amended Complaint And Incorporated Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      Eric R. Coakley
      Coakley Krol
      2323 Central Park Boulevard
      Suite 100
      Denver, CO  80238
      coakley@coakleykrol

      Andrew Hurd
      Miller & Law PC
      1900 W. Littleton Blvd.
      Littleton, CO 80120
      adh@millerandlaw.com

      */s/ Kristi L. Blumhardt*
      Kristi L. Blumhardt
      McElroy, Deutsch, Mulvaney & Carpenter, LLP
      5600 S. Quebec Street, Suite C100
      Greenwood Village, Colorado 80111
      Tel:  (303) 293-8800
      Fax: (303) 839-0036
      E-mail: kblumhardt@mdmc-law.com
      *Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*