**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

       Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a
Maryland corporation,

       Defendant.

---

**DEFENDANT PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND,
INC.'S ANSWER TO AMENDED COMPLAINT AND JURY DEMAND**

---

Defendant, Professional Bureau of Collections of Maryland, Inc. ("Defendant"), by and through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby submits the following Answer to Plaintiff's Amended Complaint and Jury Demand.

**<u>JURISDICTION AND VENUE</u>**

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 of the Amended Complaint, and therefore, denies the same.

2.     Defendant admits the allegations contained in Paragraph No. 2 of the Amended Complaint.

3.      The allegations contained in Paragraph No. 3 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

4.      The allegations contained in Paragraph No. 4 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

5.      The allegations in Paragraph No. 5 of the Amended Complaint set forth legal conclusions to which no response is required, and therefore, Defendant leaves Plaintiff to her proofs with respect thereto.  To the extent said allegations require a response, the allegations are denied.

6.      Defendant repeats and realleges its responses to the allegations contained in Paragraph Nos. 1 through 5 above as though set forth in full herein.

7.      Defendant admits it hired Plaintiff for the position of General Counsel and denies the remaining allegations contained in Paragraph No. 7 of the Amended Complaint.

8.      Defendant denies the allegations in Paragraph No. 8.a. of the Amended Complaint and admits that some of Plaintiff's duties are contained in the remaining allegations contained in Subparagraphs b. through e. of Paragraph No. 8.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 of the Amended Complaint, including Subparagraphs a. through e., and therefore, denies the same.

2

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 of the Amended Complaint, and therefore, denies the same.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 as the allegations relate to Plaintiff's recollections and denies that Plaintiff missed a total of one day of work and denies that Plaintiff only rarely took parts of days off to care for her children when there was absolutely no alternative.

12.     Defendant admits that it requires employees to be on time to begin work and denies the remaining allegations contained in Paragraph No. 12 of the Amended Complaint.

13.     Defendant denies the allegations contained in Paragraph No. 13 of the Amended Complaint.

14.     Defendant admits that Plaintiff's schedule was adjusted in part related to childcare needs as well as other needs and denies the remaining allegations contained in Paragraph No. 14 of the Amended Complaint.

15.     Defendant denies the allegations contained in Paragraph No. 15 of the Amended Complaint.

16.     Defendant denies the allegations contained in Paragraph No. 16 of the Amended Complaint.

17.     The allegations contained in Paragraph No. 17 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

18.     The allegations contained in Paragraph No. 18 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

19.     The allegations contained in Paragraph No. 19 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

20.     The allegations contained in Paragraph No. 20 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

21.     The allegations contained in Paragraph No. 21 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

22.     The allegations contained in Paragraph No. 22 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

23.     The allegations contained in Paragraph No. 23 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

24.     The allegations contained in Paragraph No. 24, including subparts a. through g., of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

25.     The allegations contained in Paragraph No. 25 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

26.     The allegations contained in Paragraph No. 26 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

27.     Defendant denies the allegations contained in Paragraph No 27 of the Amended Complaint.

28.     The allegations contained in Paragraph No. 28 of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

29.     Defendant denies the allegations contained in Paragraph No. 29 of the Amended Complaint.

30.     The allegations contained in Paragraph No. 30, including subparts a. through e., of the Amended Complaint are no longer at issue in this matter, and therefore, an answer is not required.  To the extent an answer is required, the allegations are denied.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 31 of the Amended Complaint, and therefore, denies the same.

32.     Defendant denies the allegations contained in Paragraph No. 32 of the Amended Complaint.

33.     Defendant admits that Plaintiff submitted FMLA paperwork on December 9, 2014, and denies the remaining allegations contained in Paragraph No. 33 of the Amended Complaint.

34.     Defendant denies the allegations contained in Paragraph No. 34 of the Amended Complaint.

35.     Defendant denies the allegations contained in Paragraph No. 35 of the Amended Complaint.

36.     Defendant denies the allegations contained in Paragraph No. 36 of the Amended Complaint.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 37 of the Amended Complaint, and therefore, denies the same.

38.     Defendant admits that Plaintiff advised Travis Justus that it could not operate in Nebraska until the license was renewed, and denies the remaining allegations contained in Paragraph No. 38 of the Amended Complaint.

39.     Defendant denies the allegations contained in Paragraph No. 39 of the Amended Complaint.

40.     Defendant denies the allegations contained in Paragraph No. 40 of the Amended Complaint.

41.     Defendant admits that Plaintiff's paycheck was reduced for taking time off, and denies the remaining allegations contained in Paragraph No. 41 of the Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph No. 42 of the Amended Complaint.

43.     Defendant denies the allegations contained in Paragraph No. 43 of the Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph No. 44 of the Amended Complaint.

45.     Defendant denies the allegations contained in Paragraph No. 45 of the Amended Complaint.

46.     Defendant denies the allegations contained in Paragraph No. 46 of the Amended Complaint.

47.     Defendant denies the allegations contained in Paragraph No. 47 of the Amended Complaint.

48.     Defendant admits that Plaintiff sent an email to Phillip Justus on February 1, 2015, advising that her son "went into anaphylaxis" and that she may be late the next day, and denies the remaining allegations contained in Paragraph No. 48 of the Amended Complaint.

49.     Defendant admits that Plaintiff was terminated on February 9, 2015, and denies the remaining allegations contained in Paragraph No. 49 of the Amended Complaint.

50.     Defendant states that the termination letter speaks for itself, and Defendant denies any allegations contained in Paragraph No. 50, including subparts a. through c., of the Amended Complaint to the extent the allegations conflict with the same.

51.     Defendant denies the allegations contained in Paragraph No. 51 of the Amended Complaint.

52.     Defendant denies the allegations contained in Paragraph No. 52 of the Amended Complaint.

53.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 53 of the Amended Complaint, and therefore, denies the same.

54.     Defendant repeats and realleges its responses to the allegations contained in Paragraph Nos. 1 through 53 above as though set forth in full herein.

55.     Defendant denies the allegations contained in Paragraph No. 55 of the Amended Complaint.

56.     Defendant denies the allegations contained in Paragraph No. 56 of the Amended Complaint.

57.     Defendant denies the allegations contained in Paragraph No. 57 of the Amended Complaint.

58.     Defendant denies the allegations contained in Paragraph No. 58 of the Amended Complaint.

59.     Defendant repeats and realleges its responses to the allegations contained in Paragraph Nos. 1 through 58 above as though set forth in full herein.

60.     Defendant denies the allegations contained in Paragraph No. 60 of the Amended Complaint.

61.     Defendant admits that she advised Defendant on February 1, 2015, that she may be late the following day to work due to her son's anaphylactic allergic reaction, and denies the remaining allegations contained in Paragraph No. 61 of the Amended Complaint.

62.     Defendant denies the allegations contained in Paragraph No. 62 of the Amended Complaint.

63.     Defendant denies the allegations contained in Paragraph No. 63 of the Amended Complaint.

64.     The allegations contained in Paragraph No. 64 set forth legal conclusions to which no response is required, and therefore, Defendant leaves Plaintiff to her proofs with respect thereto.  To the extent said allegations require a response from Defendant, the allegations are denied.

65.     The allegations contained in Paragraph No. 65 set forth legal conclusions to which no response is required, and therefore, Defendant leaves Plaintiff to her proofs with respect thereto.  To the extent said allegations require a response from Defendant, Defendant is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 65 of the Amended Complaint, and therefore, denies the same.

66.    The allegations contained in Paragraph No. 66 set forth legal conclusions to which no response is required, and therefore, Defendant leaves Plaintiff to her proofs with respect thereto.  To the extent said allegations require a response from Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 66 of the Amended Complaint, and therefore, denies the same.

67.    Defendant denies the allegations contained in Paragraph No. 67 of the Amended Complaint.

68.    Defendant denies the allegations contained in Paragraph No. 68 of the Amended Complaint.

69.    Defendant denies the allegations contained in Paragraph No. 69 of the Amended Complaint.

70.    Defendant denies the allegations contained in Paragraph No. 70 of the Amended Complaint.

71.    Defendant repeats and realleges its responses to the allegations contained in Paragraph Nos. 1 through 70 above as though set forth in full herein.

72.    The allegations contained in Paragraph No 72 of the Amended Complaint have been dismissed from this action and thus do not require an answer.

73.    The allegations contained in Paragraph No 73 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

74.     The allegations contained in Paragraph No 74 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

75.     The allegations contained in Paragraph No 75 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

76.     The allegations contained in Paragraph No 76 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

77.     The allegations contained in Paragraph No 77 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

78.     The allegations contained in Paragraph No 78 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

79.     The allegations contained in Paragraph No 79 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

80.     The allegations contained in Paragraph No 80 of the Amended Complaint have been dismissed from this action and thus do not require an answer.

81.     The allegations contained in Paragraph No 81 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

82.     The allegations contained in Paragraph No 82 of the Amended Complaint have been dismissed from this action, and thus do not require an answer.

## AFFIRMATIVE DEFENSES

Defendant sets forth its defenses to Plaintiffs' Amended Complaint.  Defendant sets forth the following matters to apprise Plaintiff of potentially applicable defenses.  By listing any matter as an affirmative defense, Defendant does not assume the burden of proving any matter upon which Defendant or any other party bears the burden of proof.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, fail to set forth facts that give rise to a claim against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, may be barred by the doctrines of waiver, release and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages are barred in whole or in part pursuant to the Doctrine of "after acquired evidence".

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by applicable statutes of limitations periods.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant had a legitimate, non-discriminatory reason for the employment decision regarding Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages attributable to the actions of Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not engage in any employment practice prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Plaintiff has no reason or basis to believe that Defendant engaged in any such prohibited employment practices.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant has at all times fully and completely complied with all obligations under principles of applicable law.

### TWELVETH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and are unavailable to her as a matter of law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims punitive damages, such damages are not available based upon the facts of this case.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively has made a good faith effort to comply with all federal and state laws.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively has made a good faith effort to comply with all federal and state laws.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant reserves its right to add any further defenses that may become available or appear during the proceedings in this matter, and hereby specifically reserves the right to amend or supplement this Answer to the Amended Complaint for the purpose of asserting any additional defenses.

Defendant denies every allegation, whether expressed or implied, that it has not unequivocally and specifically admitted in the Answer to the Amended Complaint.

**WHEREFORE**, Defendant requests this Court dismiss Plaintiff's First Amended Complaint and award Defendant its attorneys' fees and costs incurred in defending said claims.

Respectfully submitted this 31st day of March, 2017.

By: */s/ Kristi L. Blumhardt*
     Kristi L. Blumhardt
     McElroy, Deutsch, Mulvaney & Carpenter, LLP
     5600 South Quebec Street, Suite C100
     Greenwood Village, Colorado 80111
     Tel:  (303) 293-8800
     Fax: (303) 839-0036
     kblumhardt@mdmc-law.com
     *Attorneys for Defendant Professional Bureau of*
     *Collections of Maryland, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2017, I electronically filed the foregoing, Defendant Professional Bureau of Collections of Maryland, Inc.'s Answer to Amended Complaint, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      Eric R. Coakley
      Coakley Krol
      2323 Central Park Boulevard
      Suite 100
      Denver, CO  80238
      coakley@coakleykrol

                                    */s/ Kristi L. Blumhardt*
                                      Kristi L. Blumhardt
                                      McElroy, Deutsch, Mulvaney & Carpenter, LLP
                                        5600 S. Quebec Street, Suite C100
                                        Greenwood Village, Colorado 80111
                                        Tel:  (303) 293-8800
                                        Fax: (303) 839-0076
                                        E-mail: kblumhardt@mdmc-law.com
                                        *Attorneys for Defendant Professional Bureau of*
                                        *Collections of Maryland, Inc.*