**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

    Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a Maryland corporation,
PHILLIP JUSTUS, and
TRAVIS JUSTUS,

    Defendants.

---

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [# 40] AND INCORPORATED BRIEF**

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM"), Phillip Justus and Travis Justus (collectively "Defendants") by and through their counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, pursuant to Fed.R.Civ.P. 12(1) and 12(b)(6), hereby move this Court to dismiss Plaintiff's Amended Complaint and Jury Demand [# 40] and seek their reasonable attorney's fees and costs associated with filing this Motion to Dismiss. In support thereof, Defendants state as follows:

**D.C.COLO.LCiv.R 7.1 Conferral**

Defendants certify that pursuant to D.C.COLO.L.Civ.R 7.1(a), counsel did not discuss the specific grounds for this motion.  Motions brought under Rule 12 are exempt from this requirement pursuant to D.C.COLO.L.Civ.R 7.1(b)(2).  Furthermore, the Court entered an

Order [#37] which identified the deficiencies in Plaintiff's Amended Complaint [#12] providing Plaintiff with one last chance to cure said deficiencies, if possible. Accordingly, Plaintiff was already on notice, by Defendants two prior Motions to Dismiss [#9 and #19], and the Court's Order [#37] of the problems with Plaintiff's allegations and thus a conferral would have been futile.

## INTRODUCTION

Plaintiff's fourth filed version of her allegations, Amended Complaint #40, does not cure the issues Defendants raised in their prior Motions to Dismiss and ignores issues already ruled upon and resolved by the Court's March 17, 2017 Order [#37]. For example, the Court ruled that specific allegations cannot support Plaintiff's claims as the allegations fall outside the applicable time period for Plaintiff's exhaustion of administrative remedies, yet Plaintiff did not remove said allegations from her most recent Amended Complaint. Further, the Court dismissed Plaintiff's FMLA interference claim based upon the "lack of clarity about the timing of various events around the time Plaintiff sought FMLA eligibility" and provided one last opportunity to amend this claim. *Order*, #37, at p. 28. Nevertheless, Plaintiff's Amended Complaint does not identify one instance in which she was prevented from taking the full 12 weeks of FMLA leave, denied reinstatement to take leave or denied initial permission to take FMLA leave. Rather, Plaintiff's FMLA interference allegations mimic the allegations that purportedly support her FMLA retaliation claim.

Additionally, the Court agreed with Defendants argument that it is impossible to discern which allegations pertain to which Defendants in Plaintiff's FMLA retaliation

claim, *Id*. at p. 29. Specifically, Plaintiff's Amended Complaint #12 alleged that "[a]s detailed above in paragraphs 41-50 and as a result of Ross requesting FMLA leave, Defendants took materially adverse employment actions against Ross in retaliation for her filing her FMLA claim. [sic] in an attempt to dissuade her from filing for FMLA and from using the rights afforded to her by the FMLA." *Am. Compl.*, [#12], ¶ 62. The most recent Amended Complaint repeats the same allegation at ¶ 63 and then simply alleges, in the following paragraph, that "[t]he individual defendants acted to frustrate Ms. Ross's ability to take FMLA leave time as described in paragraphs 41 – 50." *Am. Compl.*, [#40], ¶¶ 63, 64. In other words, Plaintiff did nothing to correct the confusion. Plaintiff restated the originally confusing allegations as to all Defendants and then repeated the same allegations as to the individual Defendants. *Id*. Plaintiff's Amended Complaint continued its failure to adequately allege specific FMLA retaliatory acts by either Defendant Phillip Justus or Defendant Travis Justus.

   Plaintiff's renewed attempt to state a plausible Title VII hostile work environment also fails. Plaintiff's general Title VII claim for relief contains one paragraph which is presumably dedicated to the hostile work environment claim as it states it references specific examples of a hostile work environment, yet the actual paragraph numbers or allegedly supporting allegations is blank. *Id*. at ¶ 56. PBCM should not be forced to guess which allegations Plaintiff believes supports her hostile work environment claim, as opposed to a retaliation claim, as opposed to disparate treatment claim, as opposed to FMLA claims. Plaintiff was presented with one last opportunity to clarify her allegations and the most recent Amended Complaint remains unclear. In any event, Plaintiff does not

add allegations such that she states a plausible Title VII hostile work environment claim.

Further, Plaintiff's Amended Complaint makes clear that certain allegations relate only to the FMLA claims, leaving it obvious that she fails to state an actionable Title VII retaliation claim against PBCM. Specifically, Plaintiff does not allege that she participated in a Title VII protected activity and that she was then terminated because of her participation in a protected activity. Accordingly, Plaintiff's Title VII retaliation claim should also be dismissed.

Lastly, Plaintiff continues to include Phillip Justus and Travis Justus within the Title VII claim (#40, ¶57) despite the fact that the Court plainly dismissed the Title VII allegations against both individuals as a result of Plaintiff's failure to exhaust her administrative remedies as to both. *Order*, [#37], pp. 13 – 14. It is unclear if Plaintiff simply forgot to remove references to both individuals or if she is attempting to re-assert Title VII claims against both. To the extent Plaintiff is once against asserting Title VII claims against Travis Justus and Phillip Justus, the claims should again be dismissed based upon Plaintiff's failure to exhaust her administrative remedies as to both individuals and failure to include any new allegations that would alter the Court's prior dismissal of Travis Justus and Phillip Justus.

## ARGUMENT

### A.     Rule 12(b)(1) and Rule 12(b)(6) standard.

A Rule 12(b)(1) motion "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Park v. Fiserv Trust Co.*, No. 10-cv-00189-PAB-CBS, 2010 WL 5093796 at *1-2 (D. Colo. Sept. 30. 2010) (citation omitted). A motion to dismiss for lack of subject matter jurisdiction brought under Fed.R.Civ.P.

12(b)(1) allows a party to "(1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell,* 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting cite omitted). The Court may "consider evidence to resolve disputed jurisdictional facts" including evidence "outside the pleadings" without converting "the motion to dismiss into a motion for summary judgment in such circumstances." *SK Finance SA v, La Plata County, Bd. of County Com 'rs,* 126 F.3d 1272, 1275 (10th Cir. 1997).

Plaintiff bears "the burden of establishing subject matter jurisdiction." *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir. 2008). The exhaustion of remedies is a jurisdictional issue. *Rydzeski v. Curian Capital, LLC*, No. 06-cv-01298-WDM-BNB, 2008 WL 465299 at *4 (D. Colo. Feb. 14, 2008).

Furthermore, the exhaustion of administrative remedies is "a condition precedent to suit." *Wickware v. Manville*, __ F. App's __, __, No. 15-6028, 2017 WL 167460, at *11 (10th Cir. Jan. 17, 2017) (citing Gad v. Kan. State Univ., 787 F.3d 1032, 1034, (10th Cir. 2015)).

For a claim to survive a Rule 12(b)(6) challenge, the factual allegations must be sufficient to "raise a right to relief above the speculative level" and the claim "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), *citing Twombly,* 550 U.S. at 556. This plausibility standard

"asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In determining whether a claim is plausible, the court should "draw on its judicial experience and common sense." *Id at 1950.*

Additionally, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly,* 500 U.S. at 555, *quoting Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986). "A plaintiff's obligation to provide the 'grounds' of his `entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 129 S. Ct. at 1949, *citing Twombly,* 550 U.S. at 555.

The Tenth Circuit has stated that "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual claim against them." *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir. 2008).

    **B.**    <u>**Plaintiff's does not assert a plausible Title VII Retaliation Claim.**</u>

This Court's March 17, 2017 Order establishes that the acts supporting Plaintiff's Title VII disparate treatment and retaliation claim are limited to include allegations from July 2, 2014 through Plaintiff's termination on February 9, 2015 and for the hostile work environment claim, the allegations are limited to acts occurring from October 25, 2013 through February 9, 2015. *Order*, [# 37], p. 16. The Court specifically ruled that Plaintiff did not exhaust her administrative remedies as to specific allegations set forth in paragraphs 43 – 47 of Plaintiff's Amended Complaint (#12) and thus the allegations cannot be used in

support of Plaintiff's retaliation claim. *Id.*, [#37], p. 16. Nevertheless, Plaintiff reasserts the same allegations in her Amended Complaint (#40) at paragraphs 43 – 47. *Am. Compl.* [#40] ¶¶ 43 – 47.   By operation of the doctrine of the law of the case, Plaintiff should not be allowed to rely upon allegations the Court already ruled did not support Plaintiff's claims. *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000) (explaining that the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (quoting citations omitted).

Additionally, for Plaintiff to assert a plausible Title VII retaliation claim, she must allege that she engaged in protected opposition to discrimination, that a reasonable employee would have found the challenged action materially adverse, and that a causal connection exists between the protected activity and the materially adverse action. *Protector v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007).  Presuming that the materially adverse action in this matter is Plaintiff's termination, Plaintiff does not allege a plausible Title VII retaliation claim because she does not allege that she engaged in protected opposition to discrimination and was terminated as a result.  42 U.S.C. § 2000e-3(a) (listing acts that are protected as opposing to discrimination including making a charge, testifying, assisting or participating "in any manner in an investigation, proceeding, or hearing.").

Plaintiff's Amended Complaint makes it clear that the allegations contained in paragraph nos. 41 – 50 relate to Plaintiff's FMLA claims. *Am. Compl.*, [#40], ¶¶ 63 – 64; 79. Further, looking back to the acts that fall within the 300-day deadline, July 2, 2014, Plaintiff fails to assert that she engaged in or participated in any act that is a Title VII protected

activity which then resulted in her termination. *Am. Compl*. [#37]. Accordingly, Plaintiff fails to state a plausible claim of Title VII retaliation against PBMC and her claim should be dismissed with prejudice.

      **C.**      **Plaintiff does not state a plausible Title VII hostile work environment claim.**

Defendants incorporate herein the argument relating to Plaintiff's Title VII hostile work environment claim set forth in its prior Motion to Dismiss Plaintiff's Amended Complaint [#19] and Reply in Support [#30] as though full set forth herein. For Plaintiff to plead a plausible Title VII hostile work environment claim, she must allege that the "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (quotations omitted). The Court previously dismissed Plaintiff's Title VII hostile work environment claim because Plaintiff "failed to meet the minimum pleading threshold for a Title VII claim of hostile work environment." *Order*, [#37], p. 26. Plaintiff's Amended Complaint [#40] does not contain allegations that were administratively exhausted and/or that rise to a level that supports a plausible hostile work environment claim that the "workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Id*.

Additionally, Plaintiff's general Title VII claim for relief contains one paragraph which is presumably dedicated to the hostile work environment claim as it states it references specific examples of a hostile work environment, yet the actual paragraph numbers or

allegedly supporting allegations is blank. *Am. Compl*. [#40], ¶56. Plaintiff's shot gun pleading method leaves Defendants to guess which allegations apply to which elements and/or claims. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014) (criticizing shot gun pleadings which make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (citation omitted).

Plaintiff's Amended Complaint also makes clear that the allegations contained in paragraph nos. 41 through 50 relate to her FMLA claims. *Am. Compl.*, [#40], ¶¶ 63 – 64, 79. Thus, the only "new" allegations are found in paragraph no. 24, h. through k. *Id*., ¶ 24. The allegations contained in subparagraphs 24.h. through 24.k. are either not contained in Plaintiff's EEOC Amended Charge or are not incidents involving discrimination and thus Plaintiff cannot serve as a basis for her hostile work environment claim as she did not exhaust her administrative remedies as to this set of allegations. *See, EEOC Amended Charge*, #19-1. Plaintiff did not check the "continuing action" box on her EEOC Amended Charge [See #19-1] and the Court limits Plaintiff's Title VII hostile work environment claim to acts that allegedly occurred between October 25, 2013 and the date of her termination, February 9, 2015. *Order*, [#37], p. 16.

While the "new" incidents fall with the applicable time-period, the allegation in paragraph 24.i. was not contained in Plaintiff's EEOC Charge #19-1 and has nothing to do with any alleged discriminatory conduct or with Plaintiff's gender. *Chung v. El Paso County/Colorado Springs School Dist. #11*, 115 F.Supp.3d 1242, 1255 (D. Colo. 2015) (addressing a racially hostile work environment claim and stating that a part of what a Court addresses in its evaluation of a Title VII hostile work environment claim includes "the

9

frequency of the *discriminatory conduct* …") (emphasis added).  Here, the allegation relates solely to Travis Justus and Eric Brechbill's alleged assessment of Plaintiff being an untrustworthy employee.  *Am. Compl.*, [#40], ¶ 24.i.   Such an allegation may amount to "[u]npleasant or negative interactions with a co-worker [which] are 'ordinary tribulations' that are inherent when a large number of different personalities interact in an employment context" but that are not actionable.  *Falk v, City of Glendale*, No. 12-cv-00925-JLK, 2012 WL 2390556, *4 (D. Colo. June 25, 2012).

   The allegation contained in paragraph 24.h. is not new as it is alleged in paragraph no. 30.a. in relation to the alleged callousness and pushback for Plaintiff having to deal with her child's emergencies.  *Am. Compl.* [#12], ¶ 30.a. and *Am. Compl.* [#40], ¶ 30.a.  The allegation in paragraph no. 30.a. was not previously used to support Plaintiff's alleged hostile work environment claim and was instead, relayed as an attendance issue.  *Id.* Furthermore, Plaintiff did not exhaust her administrative remedies as to the "new" version of the incident in her EEOC Charge.  Doc. #19-1.  Instead, she presumably uses this incident as an example of the alleged disparate treatment, *i.e*. alleging sex discrimination "for example: (a) holding me to disparate attendance standards because of my caregiving responsibilities".  *Id.* at p. 1, Section I.  As such, Plaintiff failed to exhaust her administrative remedies as to allegation 24.h. and this allegation thus should not be allowed to support a claim of a hostile work environment.

   Plaintiff's "new" allegation found in paragraph no. 24.i. was previously stated in paragraph 24.f. and is simply stated again with the date May 6, 2014.  *Am. Compl.* [#12], ¶ 24.f. and *Am. Compl.* [#40], ¶ 24.f. and ¶ 24.j.  This incident is one (alleged) isolated incident

10

that is not severe or pervasive enough to amount to a hostile work environment. *Chung*, 115 F.Supp.3d at 1256 (stating "[o]ffhand comments and non-serious isolated incidents are insufficient, since Title VII is not a 'general civility code.'") (quoting citation omitted).

Lastly, Plaintiff asserts a "new" allegation in paragraph 24.k. relating to an alleged meeting on May 7, 2014 that was not contained in Plaintiff's EEOC Charge (see #19-1) and is thus not actionable as Plaintiff failed to exhaust her administrative remedies relating to this alleged incident. *Amended Charge*, #19-1. Accordingly, the allegation contained in paragraph 24.k. cannot serve as a basis for Plaintiff's hostile work environment claim.

In sum, Plaintiff's "new" allegations do not remedy Plaintiff's failure to allege a plausible claim for a Title VII hostile work environment claim and thus Plaintiff's Title VII hostile work environment claim should be dismissed with prejudice.

    **D.**     **Plaintiff did not exhaust her administrative relief against Travis Justus or Phillip Justus.**

The Court ruled that Plaintiff did not exhaust her administrative remedies as against either Travis Justus or Phillip Justus in relation to her Title VII claims. *Order*, [#37], pp. 13 – 14. Nevertheless, Plaintiff once again appears to allege Title VII claims against both Travis Justus and Phillip Justus. *Am. Compl.* [#40] ¶57. While the Court dismissed Travis Justus and Phillip Justus without prejudice, the Court did not grant Plaintiff leave to amend her Complaint to add allegations or otherwise cure this condition precedent to claims as against either Travis Justus or Phillip Justus. *Order*, [#37], pp. 13 – 14, pp. 29 – 30. Plaintiff's Amended Complaint [#40] does not allege any new facts alleging that Plaintiff exhausted her administrative remedies against Travis Justus or Phillip Justus. *Am. Compl.* [#40]. To the extent necessary, Defendants Travis Justus and Phillip Justus also

reincorporate the arguments and law set forth in their Motion to Dismiss [#19], p. 6, ¶ C, and respectfully request, once again, that the Court dismiss Plaintiff's Title VII claim as against Travis Justus and Phillip Justus.

> **E.  Plaintiff does not plead a plausible claim for a FMLA retaliation claim against Defendants.**

Defendants incorporate herein the argument set forth in its prior Motion to Dismiss Plaintiff's Amended Complaint [#19] and Defendants' Reply Brief in Support of the Motion to Dismiss [#30] as though full set forth herein. Once again, for Plaintiff to assert a plausible claim for interference under the FMLA, she must allege "(1) she was entitled to take FMLA leave, (2) that some adverse action by the employer interfered with her right to take such leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." *Dalpiaz v. Carbon County, Utah,* 760 F.3d 1126, 1132 (10th Cir. 2014), *quoting Campbell v. Gambro Healthcare, Inc.,* 478 F.3d 1282, 1287 (10th Cir. 2007). In this matter, Plaintiff alleges that she filed FMLA paperwork on December 9, 2014. *Am. Compl.*, [#40], ¶33. She does not allege that she requested FMLA leave at that time or at any other time and she does not assert any allegations that either Phillip Justus or Travis Justus denied Plaintiff the ability to take FMLA leave. *Id.*

Indeed, as the Court noted on p. 27 of the Order [#37], the employee "must show that she was prevented from taking the full 12 weeks of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave" in order to satisfy the second element of an interference claim. *Dalpiaz,* 760 F.3d at 1132. Plaintiff does not allege facts which support the above. *Am. Compl.* [#40], ¶¶ 73 – 85. Plaintiff alleges that she "requested intermittent FMLA leave in regard to her children's medical issues on or about

January 30, 2016", but plainly this is not possible as she was not employed by PBCM at that time. *Id*., ¶73.  Presuming Plaintiff meant to allege that she requested intermittent FMLA leave on January 30, 2015 (which Defendants' deny), the subsequent allegations cannot support a plausible FMLA interference claim against any of the Defendants.  This is because the allegations against Travis Justus contained in paragraphs 74 and 75, and the allegation against Phillip Justus contained in paragraph 75, pre-date the alleged date that Plaintiff alleges she requested intermittent leave.  *Id*. at ¶¶73 – 76.  Indeed, Plaintiff alleges PBMC deducted paid time off for an incident that did not relate to FMLA leave, which occurred in December of 2014 per the allegation that she filed her FMLA paperwork in December of 2014, and the allegation that she was "screamed at" for taking a vacation day that was or was not on an approved vacation day list, allegedly occurred in December of 2014 per the same allegation set forth in paragraph 30.e.  It is axiomatic that neither Travis Justus nor Phillip Justus could interfere with Plaintiff's alleged taking of FMLA leave when, by her own allegation, she had not yet even requested FMLA leave.  Plaintiff's only remaining allegation is that she requested leave on February 1, 2015 to attend to her son's anaphylactic allergic reaction. *Id.*, ¶77.  Plaintiff does not allege that she requested to take FMLA leave and, in any event, does not allege that she was denied time off on February 1, 2015 by Travis Justus, Phillip Justus or PBCM.

Considering the above, Plaintiff's FMLA interference claim was not remedied by the allegations contained in paragraph nos. 73 – 85 and Plaintiff does not state a plausible claim for FMLA interference.  As such, Plaintiff's third claim for relief for FMLA interference should be dismissed as against all Defendants with prejudice.

### E. Plaintiff does not state a plausible claim for FMLA retaliation against Travis Justus or Phillip Justus.

The Court agreed with Defendants argument that in relation to Plaintiff's FMLA retaliation claim, it is impossible to discern which allegations pertain to which Defendants. *Order*, [#37], at p. 29.   Plaintiff's Amended Complaint #40 does nothing to cure this problem.   Rather, Plaintiff simply alleges that Defendants collectively engaged in acts set for in paragraphs 41-50 that amount to FMLA retaliation, and then add a new paragraph that states that the "individual defendants" engaged in the exact same acts.   Specifically, Plaintiff's Amended Complaint #12 alleged that "[a]s detailed above in paragraphs 41-50 and as a result of Ross requesting FMLA leave, Defendants took materially adverse employment actions against Ross in retaliation for her filing her FMLA claim. [sic] in an attempt to dissuade her from filing for FMLA and from using the rights afforded to her by the FMLA." *Am. Compl.*, [#12], ¶ 62.  The most recent Amended Complaint repeats the same allegation at ¶ 63 and then simply alleges, in the following paragraph, that "[t]he individual defendants acted to frustrate Ms. Ross's ability to take FMLA leave time as described in paragraphs 41 – 50." *Am. Compl.*, [#40], ¶¶ 63, 64.   In other words, Plaintiff did nothing to correct the confusion.  Plaintiff restated the originally confusing allegations as against all Defendants and then repeated the same allegations as to the individual Defendants. *Id*. Plaintiff's Amended Complaint continued its failure to adequately allege specific FMLA retaliation acts by either Defendant Phillip Justus or Defendant Travis Justus.

A FMLA retaliation claim requires Plaintiff to establish "(1) that [she] engaged in protected activity by taking FMLA-protected leave; (2) [PBCM] took a materially adverse

action against [her]; and (3) the circumstances permit an inference of causal connection between the two events ..." *Smothers v. Solvay Chemicals, Inc.,* 740 F.3d 530, 540 (10th Cir. 2014). The allegations set forth in paragraph nos. 43, 44 and 45 have nothing to do with either Travis Justus or Phillip Justus, the allegations contained in paragraph no. 46 and 47 have nothing to do with the FMLA, and the allegation contained in paragraph no. 48 simply states that Plaintiff sent Phillip Justus an email on February 1, 2015 advising that her son had an allergic attach and that she might be in late the next day, but does not allege that she requested FMLA time off if she was late, does not allege that Phillip Justus did or said anything in response, and does not allege that Phillip Justus terminated Plaintiff or made the decision to terminate Plaintiff.  As such, the allegations contained in paragraph numbers 41 – 50, which allegedly also support a retaliation claim against PBCM, do not state a plausible claim for FMLA retaliation as against either Travis Justus or Phillip Justus and thus Plaintiff's FMLA retaliation claim against Travis Justus and Phillip Justus should be dismissed with prejudice.

    **F.** **<u>Defendants' Request for Attorney's Fees and Costs.</u>**

Defendants respectfully request this Court award Defendants their attorney's fees and costs associated with this Motion to Dismiss.  In support thereof, Defendants state that this is the third Motion to Dismiss that they have filed as a result of Plaintiff's failure to plead claims for relief including a Motion to Dismiss [#9] relating to Plaintiff's original Complaint, a Motion to Dismiss Plaintiff's Amended Complaint [#19] and this Motion to Dismiss Plaintiff's Amended Complaint #40.  Plaintiff's most recent Amended Complaint did little more that add two "new" allegations in support of her hostile work environment claim and added a new (but

repetitive) paragraph in support of her FMLA retaliation claim that did nothing to clear up any confusion as to exactly which allegations supported her FMLA retaliation claim. Further, the allegations supporting the previously dismissed FMLA interference claim were nonsensical and frivolous. Defendants' prior Motions and this Court's Order provided Plaintiff with a clear road map as to how Plaintiff's claims could be cured, if facts indeed supported those claims, Amended Complaint #40 reveals that Plaintiff did not have facts supporting the dismissed claims but rather than simply moving forward, Plaintiff wasted this Court's time and Defendants time by filing an Amended Complaint that ignored the Court's Order and the law. Plaintiff's acts have caused Defendants to incur considerable legal expense in filing multiple Motions to Dismiss and violate Plaintiff's obligation under Fed.R.Civ.P. 1 mandate "to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiff's actions are vexatious warranting an award of attorney's fees and costs in Defendants' favor. Consequently, Defendants respectfully request this Court enter an award of attorney's fees and costs in their favor.

In conclusion, for the reasons stated above, Defendants respectfully request this Court dismiss Plaintiff's Title VII hostile work environment claim and retaliation claim against PBCM, dismiss any Title VII claim against Phillip Justus or Travis Justus, dismiss Plaintiff's FMLA interference claim against all Defendants, and dismiss Plaintiff's FMLA retaliation claim against Phillip Justus and Travis Justus. Defendants request this Court dismiss the above claims with prejudice and award Defendants their reasonable attorneys' fees and costs incurred in filing this third Motion to Dismiss.

Respectfully submitted this 17th day of April, 2017.

By: */s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis*
*Justus*

## CERTIFICATE OF SERVICE

I hereby certify that on 17th day of April, 2017, I electronically filed the foregoing, Motion to Dismiss Plaintiff's Amended Complaint and Jury Demand [#40] and Incorporated Brief, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Eric R. Coakley
Coakley Krol
2323 Central Park Blvd
Suite 100
Denver, CO  80238
Coakley@coakleykrol

Andrew D. Hurd, Esq.
Miller & Law, P.C.
1900 W. Littleton Boulevard
Littleton, CO  80120
adh@millerandlaw.com

*/s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
E-mail: kblumhardt@mdmc-law.com

17

*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*