**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

    Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a
Maryland corporation,
PHILLIP JUSTUS, an individual; and
TRAVIS JUSTUS, an individual,

    Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT [#40] AND INCORPORATED BRIEF**

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM"), Phillip Justus and Travis Justus (collectively "Defendants") by and through their counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submit their Reply in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint [#40] and Incorporated Brief as follows:

### ARGUMENT

#### A.  **Plaintiff did not state a plausible claim of Title VII Retaliation.**

Plaintiff's Response Brief ignores this Court's March 17, 2017 Order in which the Court specifically ruled that the acts supporting Plaintiff's Title VII retaliation claim are limited to include allegations from July 2, 2014 through Plaintiff's termination on February 9, 2015. (*Order*, [# 37], p. 16).  For example, Plaintiff cites to acts that occurred prior to

July 2, 2014 as well as acts that the Court previously ruled could not be considered because of Plaintiff's failure to exhaust her administrative remedies.

In any event, as addressed in Defendants' Motion, to state a plausible Title VII retaliation claim, Plaintiff must allege (1) that she engaged in protected opposition to discrimination; (2) that a reasonable employee would have found the challenged action materially adverse; and, (3) that a causal connection exists between the protected activity and the materially adverse action. *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007). Plaintiff's Response does not identify factual allegations as to the protected opposition that Plaintiff engaged in, such as making a charge, testifying, assisting or participating in an investigation, proceeding or hearing (42 U.S.C. § 2000e-3(a)), which occurred between July 2, 2014 and her termination, and for which she exhausted her administrative remedies with the EEOC. Specifically, all allegations referenced on page 5 and 6 of Plaintiff's Response, which occurred prior to July 2, 2014, cannot support a claim of Title VII retaliation. (*Response Brief*, [#48], pp. 6 – 7; *Order*, [# 37], p. 16.d.). Next, the Court previously ruled that the allegations Plaintiff references in Paragraphs 44, 45 and 47 of the Amended Complaint were not exhausted and thus cannot support a plausible claim of Title VII retaliation. (*Order*, [#37] p. 16.c.). This leaves the allegations relating to an incident that allegedly occurred on December 9, 2014, found in the Amended Complaint at paragraphs 33 and 34. (*Plaintiff's Response*, [#48], at p. 6). However, the alleged December 9, 2014 incident was not addressed in Plaintiff's EEOC Charge as part of her basis for her

retaliation claim.[1] (*EEOC Charge*, [#19-1], p. 2). Additionally, Plaintiff did not allege that she was terminated as a result of any of the above acts.

As a result, Plaintiff does not state a plausible claim for Title VII retaliation and Plaintiff's claim should be dismissed with prejudice.

### B. Plaintiff does not state a plausible Title VII hostile work environment claim.

This Court's March 17, 2017 Order establishes that the acts supporting Plaintiff's Title VII hostile work environment claim are limited to acts occurring from October 25, 2013 through February 9, 2015. (*Order*, [# 37], p. 16). Plaintiff's Title VII hostile work environment claim was previously dismissed as Plaintiff identified only two incidents, one of which may not have been properly exhausted, in support of her claim. (*Id*. at p. 25). Plaintiff was allowed one last chance to amend her complaint to add incidents which were properly exhausted that support her hostile work environment claim. Plaintiff failed to include additional allegations, which were properly exhausted and which occurred after October 25, 2013, and thus Plaintiff's Title VII hostile work environment claim should be dismissed with prejudice.

Plaintiff's Response instead re-hashes allegations that the Court previously ruled did not support a hostile work environment claim. For example, Plaintiff once again identifies the allegations contained in paragraphs 18 – 21 in support of her hostile work environment claim. (*Response Brief*, [#48], p. 11). The Court previously ruled that the same incident

---

[1] Plaintiff bears the burden to show, by competent evidence, that she properly exhausted the claims she asserts in federal court. *McBride v. CITGO Petro. Corp*. 281 F.3d 1099, 1106 (10th Cir. 2002) (citation omitted).

"occurred in May 2013, prior to the start of the period which Plaintiff administratively exhausted…". (*Order*, [#37], p. 25). Plaintiff does not identify a basis as to why the Court's prior Order was in error or what changed such that the same allegations now support a hostile work environment claim. As such, the allegations in paragraphs 18 – 21 cannot support Plaintiff's hostile work environment claim.

Plaintiff points to the allegations in paragraph 24 of the Amended Complaint as supporting her hostile work environment claim. (*Response Brief*, [#48], p. 11). Most of the same allegations found in paragraph 24a. – 24g. were addressed in Defendants' prior Motion to Dismiss and Reply Brief [#19 and #30] and ruled upon by the Court [#37]. Rather than repeating the same arguments, Defendants herein incorporate their prior arguments to the same allegations as well as the Court's Order on the same.

As noted in Defendants' Motion, Plaintiff did add a date of May 6, 2014 to the alleged incident in which Mr. Justus allegedly said, "I know you're not stupid, you're just so feminine". (*Amended Complaint*, [#40], ¶ 24.j). With the exception of this one change, Plaintiff does not otherwise alter the allegations contained in paragraph 24a. – 24.g., which were previously ruled upon by the Court. As addressed in Defendants' Motion [#43], Plaintiff added a few the "new allegations" found at paragraph 24h. through 24k., which either have nothing to do with a hostile work environment claim or were not administratively exhausted. (*Motion*, [#43], pp. 9 – 11). Plaintiff does not dispute the same in her Response Brief.

Plaintiff points to the allegations contained in paragraph 26 of the Amended Complaint as supporting her hostile work environment claim. (*Response Brief*, [#48], p. 11). This allegation is far too vague to support this claim. (*Amended Complaint*, [#40], ¶ 26). *Khalik v. United Air Lines*, 671 F.3d 1188, 1994 (10th Cir. 2012) (ruling that vague allegations that lack sufficient detail to provide context, or who did what to whom, do not meet the plausibility standard set forth in *Twombly/Iqbal*). Furthermore, the portion of paragraph 26 that relates to Phillip Justus was not exhausted by Plaintiff and thus cannot support her hostile work environment claim. (*EEOC Charge*, [#19-1]).

Plaintiff also references paragraphs 33 and 34 in support of her hostile work environment claim. (*Response Brief*, [#48], p. 11). The Court previously addressed this claim in the prior Order, including whether it was properly exhausted. (*Order,* [#37], p. 25). Lastly, Plaintiff points to paragraph 44 in support of her claim. (*Plaintiff's Response*, [#48], p. 11). The Court previously ruled that this allegation was not administratively exhausted. (*Order*, [#37], p. 16). Once again, Plaintiff does not submit an argument that the Court's prior ruling was incorrect or that something changed such that the Court should now accept the allegation set forth in paragraphs 26 or 44 in the Amended Complaint in support of her hostile work environment claim. Plaintiff instead simply ignores the Court's prior Order.

Overall, it is well established that "[t]he mere utterance of a statement which 'engenders offensive feelings in an employee' would not affect the conditions of employment to a sufficient[ly] significant degree to violate Title VII.'" *Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1537 (10th Cir. 1995) (quoting *Meritor Sav. Bank, FSB v.*

*Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (alteration in original). At best, Plaintiff asserts a few, widely separated in time, allegations that may be offensive to Plaintiff, but which did not affect the conditions of her employment to a sufficient degree to violate Title VII. Simply put, Plaintiff does not state a plausible Title VII hostile work environment claim, one that involves a "workplace [that] is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998) (quotations omitted). Plaintiff's Title VII hostile work environment claim should therefore be dismissed with prejudice.

    **C.** **Plaintiff does not state a plausible claim for interference of Plaintiff's FMLA rights against Defendants.**

Plaintiff's Response Brief does not identify the key missing element in relation to Plaintiff's FLMA interference claim - namely that "she was prevented from taking the full 12 weeks of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave." (*Order*, [#37], p. 27). Neither Plaintiff's Amended Complaint nor Plaintiff's Response Brief address this missing element. Indeed, Plaintiff's argument relating to the interference claim mimics the argument she makes in relation to the FMLA retaliation claim. Plaintiff also does not address Defendants' argument relating to the alleged timing of the allegations presumably supporting the FMLA interference claim. Specifically, presuming Plaintiff requested intermittent leave on January 30, 2015 (not 2016), the subsequent allegations set forth in paragraphs 74 and 75 in support of the interference claim pre-date her request for

intermittent leave. Moreover, Plaintiff does not actually allege that she ever requested FMLA leave and was denied taking such leave. Rather, she simply alleges that she advised Phillip Justus that her son had an allergy attack and that she may be late the next day (with no mention of taking FMLA leave) and that she was terminated soon after. (*Amended Complaint*, [#40], ¶¶ 48 – 49). In sum, Plaintiff did not remedy the problems identified in relation to Plaintiff's FMLA interference claim and thus Plaintiff does not state a plausible FMLA interference claim against Travis Justus, Phillip Justus or PBCM. Accordingly, Plaintiff's FMLA interference claim should be dismissed with prejudice.

>    D.   **Plaintiff does not state a plausible claim for FMLA retaliation against Defendants Phillip Justus or Travis Justus.**

Contrary to Plaintiff's argument in her Response Brief, the Court did not allow the FMLA retaliation claim against PBCM to continue based upon the fact that Plaintiff was terminated because she filed FMLA paperwork. (*Plaintiff's Response*, [#48], p. 11). The Court instead limited the ruling to the allegation that Plaintiff allegedly took FMLA leave and was terminated soon after. (*Order*, [#37], p. 29). The Court dismissed Defendants Phillip Justus and Travis Justus because of the lack of clarity regarding when Plaintiff took FMLA leave and whether either Defendant Phillip Justus or Travis Justus were involved in her termination. Plaintiff's Amended Complaint does not clarify either issue.

Once again, to state a FMLA relation claim against either Phillip Justus or Travis Justus, Plaintiff must establish "(1) that [she] engaged in protected activity by taking FMLA-protected leave; (2) [Phillip Justus or Travis Justus] took a materially adverse action against [Plaintiff]; and

(3) the circumstances permit an inference of a causal connection between the two events…". *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 540 (10th Cir. 2014). Plaintiff did not allege that she requested FMLA leave on February 1, 2015. (*Amended Complaint*, [#40], ¶ 48). Rather, she simply alleges that she sent Phillip Justus an email advising him that her son had an allergy attack and that she might be late the next day. (*Id.*) She then alleges that a few days later she was terminated. (*Id*. at ¶ 49). She does not allege that Travis Justus had any contact or involvement with either event. Further, she does not argue that she requested or took FMLA leave on February 1, 2015 and does not allege that Phillip Justus had any involvement with her termination. Simply put, Plaintiff does not state a plausible FMLA retaliation claim against either Phillip Justus or Travis Justus.

Moreover, Plaintiff's Amended Complaint did not cure the issue of failing to specify which Defendant allegedly retaliated against Plaintiff but instead continued to lump all three defendants together, citing to paragraphs 41 – 50 in support of the FMLA retaliation claim and then lumping the "individual defendants" together and again citing to paragraphs 41 – 50 in support of the FMLA retaliation claims against the "individual defendants". In other words, Plaintiff did not cure the issue of separating individual acts with individual defendants. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that the collective reference to "defendants" when referring to a variety of entities and individuals makes it "impossible for any of these individuals to ascertain what particular acts they are alleged to have committed."); *Colorado Legal Services v. Legal Aid Nat. Services*, No. 08-cv-00258-MSK-KMT, 2009 WL 347500, at *3 (D. Colo. Feb. 11, 2009) (dismissing claims based upon

plaintiff's collective use of the term "defendants", without distinction among the various defendants, because this does not allow the defendants to ascertain what particular acts they have committed).  Nevertheless, as stated above, Plaintiff's Amended Complaint remains deficient in identifying exactly when she took FMLA leave and how she was retaliated against and by whom when she returned from FMLA leave.  As such, Plaintiff's FMLA retaliation claim should be dismissed, with prejudice, against both Phillip Justus and Travis Justus.

Lastly, Defendants requested their attorneys' fees and costs associated with having to file a third Motion to Dismiss and third Reply in Support of their Motion to Dismiss.  Plaintiff objects to the same on the basis that Defendants are combining motions within a single document.  While Defendants disagree with Plaintiff's characterization of Defendants request for attorney's fees and costs as a combination of motions, Defendants do not have a problem with filing a separate Motion for Attorney's Fees and herein respectfully reserve their right to do so in a separate Motion.

In conclusion, for the reasons stated above, Defendants respectfully request this Court dismiss, with prejudice, Plaintiff's Title VII hostile work environment claim against PBCM, Plaintiff's Title VII retaliation claim against PBCM, Plaintiff's FMLA interference claim against PBCM, Travis Justus and Phillip Justus, and Plaintiff's FMLA retaliation claim against Travis Justus and Phillip Justus.

Respectfully submitted this 25th day of May, 2017.

By: */s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of May, 2017, I electronically filed the foregoing, Reply In Support Of Defendants' Motion To Dismiss Plaintiff's Amended Complaint (#40) And Incorporated Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Eric R. Coakley
    Coakley Krol
    2323 Central Park Boulevard
    Suite 100
    Denver, CO  80238
    coakley@coakleykrol

    Andrew Hurd
    Miller & Law PC
    1900 W. Littleton Blvd.
    Littleton, CO 80120
    adh@millerandlaw.com

    */s/ Kristi L. Blumhardt*
    Kristi L. Blumhardt
    McElroy, Deutsch, Mulvaney & Carpenter, LLP
    5600 S. Quebec Street, Suite C100
    Greenwood Village, Colorado 80111
    Tel:  (303) 293-8800
    Fax: (303) 839-0036
    E-mail: kblumhardt@mdmc-law.com
    *Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*