**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

    Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a Maryland corporation,
PHILLIP JUSTUS, an individual; and
TRAVIS JUSTUS, an individual,

    Defendants.

---

**DEFENDANTS' RULE 41(b) MOTION TO DISMISS OR ALTERNATIVELY TO EXTEND THE DISCOVERY AND DISPOSITIVE MOTION DEADLINE**

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM"), Phillip Justus and Travis Justus (collectively "Defendants") by and through their counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, pursuant to Fed.R.Civ.P. 41(b), hereby respectfully move this Court to Dismiss this lawsuit with prejudice based upon Plaintiff's failure to comply with this Court's Orders and deadlines, or alternatively, to extend the discovery and dispositive motion deadlines. In support thereof, Defendants state as follows:

**D.C.COLO.LCiv.R 7.1 Conferral**

Defendants certify that pursuant to D.C.COLO.L.Civ.R 7.1(a), undersigned counsel attempted to discuss with Plaintiff's counsel extending the discovery and dispositive motion deadlines and the issues raised herein. Unfortunately, Plaintiff's counsel once again resorted to

name calling and disparaging undersigned counsel, *i.e.*, calling her "bizarre", having a "hissy fit"[1], calling her by a different name, and accusing her of telling "lies"[2]. Plaintiff's counsel additionally expanded his targets to include Judge Mix, by calling Judge Mix "our corporate shill of a magistrate."[3] Plaintiff's counsel did not provide or discuss any potential deadlines for either discovery cut-off or dispositive motions. (See Exhibits A-E referenced herein) Plaintiff's counsel refuses to agree to an extension of the dispositive motion deadline, despite this Court's Minute Order #49 in which Judge Mix allowed the parties to move for an extension of time, if appropriate, of both the discovery and dispositive motion deadline. His response was "I don't want to extend the dispo motion deadline."[4] Undersigned counsel ultimately sent Plaintiff's counsel an email, explaining that for months she has been advising that Defendants will agree to extend the discovery and dispositive deadlines so long as the Court approves of the extension, that the issue has been addressed by the Court as well during our prior hearings, and then proposed a list of deadlines.[5] Plaintiff did not respond and instead filed a Motion to Take Depositions Out of Time. The delay in taking Plaintiff's deposition in this matter has been due to Plaintiff choosing to move to India after filing this lawsuit (Defendants have been forced to wait for Plaintiff to return to the United States to take her deposition), as well as Plaintiff not producing medical records, per a deadline set by Court Order. [Doc. # 35, # 44, # 47 and # 49].

---

[1] Coakley July 12, 2017, 2:39 p.m. email, attached as Exhibit A.
[2] Coakley July 12, 2917, 2:50 p.m. email, attached as Exhibit B.
[3] Coakley July 12; 2017, 2:27 p.m. email, attached as Exhibit C.
[4] Coakley July 17, 2017, 4:35 p.m. email, attached as Exhibit D.
[5] Blumhardt July 19, 2017, 11:59 a.m. email, attached as Exhibit E.

## BACKGROUND FACTS

1. This matter has been pending in this Court since June 20, 2016. (Doc. #1)

2. The Court entered a Scheduling Order on August 24, 2016. (Doc. #22)

3. Defendants orally moved for a Protective Order in November of 2016 because Plaintiff would not provide dates for her deposition, or schedule her deposition, before the depositions of Defendants Travis Justus and Phillip Justus, despite Defendants requesting that Plaintiff's deposition move forward first, and despite this District's well-known practice in employment cases that Plaintiff's deposition is taken first. The Court granted Defendants' Motion on November 4, 2016, ordering that Plaintiff's deposition take place, in person, in Colorado, prior to other depositions. (Doc. #35)

4. Due to Plaintiff living in India, her apparent first trip back to the United States was in May of 2017 and the parties scheduled her deposition to take place on May 17, 2017. Despite repeated reminders from Defendants' counsel, Plaintiff did not move to extend the March 31, 2017 discovery cut-off deadline to accommodate Plaintiff's inability to appear for her deposition prior to the discovery cut-off.

5. Plaintiff also did not timely respond to Defendants' discovery requests, or move for an extension of time to respond to Defendants' written discovery. Thus, Defendants were forced to seek this Court's assistance via an oral Motion to Compel. The Court strongly warned Plaintiff's counsel during this hearing that he must follow the Court's rules/orders/deadlines or the Court may impose sanctions, including dismissal. The Court then entered an Order requiring

Plaintiff respond to Defendants' written discovery requests and extended the discovery cut-off date to May 31, 2017. (Doc. # 44)

6. Plaintiff did not fully provide the documents Defendants' requested in discovery following the Court's Order (#44) and thus the parties had another hearing with the Court to address the failure of Plaintiff to provide medical records from Children's Hospital. The Court entered an Order the required Plaintiff produce the Children's Hospital medical records at issue no later than 9:00 a.m. on May 15, 2017. (Doc. #47) If the records were not produced by that time, the parties were ordered to reschedule Plaintiff's deposition. (Id.)

7. Plaintiff did not timely produce the medical records addressed above and Plaintiff's counsel refused to reschedule Plaintiff's deposition, despite the Court's Order (#47) to do so. Thus, the parties had another hearing with the Court and the Court once again ordered the parties to reschedule Plaintiff's deposition. (Doc. # 49) The Court once again strongly warned Plaintiff's counsel that the Court may impose sanctions if he continues to ignore or not comply with the Court's deadlines, rules and orders.

8. The Court's Order #49 also provided that the parties may file a motion to extend the discovery cut-off and dispositive motion deadline if appropriate. (# 49)

9. Plaintiff's counsel did not provide any deadlines to extend either the discovery cut-off deadline or the dispositive motion deadline. Instead, after the May 31, 2017 discovery cut-off had passed, Plaintiff's counsel provided available times for Plaintiff's deposition in late July and early August and agreed for Plaintiff to appear on July 26, 2017. Plaintiff's counsel

requested dates for Travis Justus and Phillip Justus' depositions, and undersigned counsel provided dates for both depositions in August. Plaintiff's counsel did not discuss a Rule 30(b)(6) deposition with undersigned counsel and despite the fact that this case has been before this Court for over a year, and two discovery cut-off deadlines have passed, Plaintiff has yet to provide a Rule 30(b)(6) Notice. Defendants counsel has repeatedly advised Plaintiff that the depositions were subject to the Court's approval (given the discovery deadline had once again passed without Plaintiff taking action) of an extension of the discovery and dispositive motion deadline. See, Ex. C, July 12, 2017 email entry at 10:18 a.m. and entry at 2:37 p.m.; Ex. D, July 17, 2017 entry at 3:10 p.m.; Ex. E, June 30, 2017 entry at 2:44 p.m. and July 18, 2017 entry at 11:56 a.m.

## ARGUMENT

As addressed above in the Background Facts, Plaintiff has repeatedly ignored or violated deadlines and Orders imposed by this Court. Plaintiff's counsel has been repeatedly warned by this Court that any further violations may lead to dismissal of this case, yet he ignores or flaunts such warnings and continues to interfere with the judicial process. For example, Plaintiff's counsel previously ignored the deadline to respond to Defendants' discovery requests and then failed to seek an extension of time to respond to discovery from this Court. Plaintiff also failed to seek an extension of the first discovery cut-off deadline in this matter so that depositions could be set and taken as Plaintiff (apparently) could not travel to Colorado prior to the first discovery cut-off date. Defendants were thus forced to bring the above to the Court's attention at which time Judge Mix, during an oral hearing on said issues, strongly warned Plaintiff's counsel to

abide by the Court's rules, deadlines and orders or she may grant Defendants' request to dismiss under Rule 41(b).  (See #44)

Unfortunately, the Court's warning was ignored.  Plaintiff did not produce complete records requested by Defendants in their written discovery requests.  Accordingly, Defendants were again forced to seek this Court's assistance to compel the production of medical records from Plaintiff prior to Plaintiff's deposition date.  The Court set a deadline for the production of the documents at issue and ruled that if Plaintiff did not produce the documents by the set deadline, the parties were to reschedule Plaintiff's deposition for another day. (#47)  Plaintiff did not produce the medical records by the scheduled deadline and, despite the Court's Order stating that Plaintiff's deposition must be rescheduled, refused to reschedule Plaintiff's deposition. Plaintiff's counsel's acts once again forced Defendants to seek this Court's assistance to reschedule Plaintiff's deposition.   The Court issued an Order to reschedule Plaintiff's deposition and, once again, strongly warned Plaintiff's counsel about the need for him to follow the Court's rules and orders or the Court may impose sanctions.  (#49)

Approximately one month later, and after the second discovery cut-off date had passed, Plaintiff's counsel provided additional days for Plaintiff's deposition, yet when a date was selected, stated he was not available.   In any event, Plaintiff's new deposition was tentatively scheduled, pending approval of this Court as the discovery deadline had once again passed. Plaintiff however did not move the Court for an extension of the (expired) discovery cut-off deadline.  As addressed in the Background Facts, Defense counsel sent emails to Plaintiff's

counsel asking if he was going to file for an extension of the deadlines, to no avail.[6] Despite warnings by the Court and defense counsel's reminders that Motions need to be filed, Plaintiff's counsel flaunted the same and even refused to discuss potential deadlines for an extension of the discovery and dispositive motion deadlines. Plaintiff instead filed a Motion to take depositions out of time.

The delays in this matter are not due to a lack of diligence on Defendants' part. Quite the opposite is true as Defense counsel has consistently urged Plaintiff's counsel to comply with this Court's Orders and the deadlines entered in this matter – again, to no avail. Such efforts have been met with inappropriate name calling and disparaging comments by Plaintiff's counsel, as well as a continual refusal to accept any responsibility for his failure to abide by the Federal Rules of Civil Procedure and this Court's Orders. Plaintiff's counsel's most recent "outburst" directed at Judge Mix, is one more example of his disregard for decorum, professionalism as well as his disregard to comply with federal practice standards. Moreover, Plaintiff's counsel's actions, or lack of actions, has prejudiced Defendants, subjecting them to incur an enormous amount of unnecessary attorneys' fees associated with attempting to simply schedule depositions and obtain written discovery responses. Plaintiff's counsel has also been warned by this Court, on several occasions, that he must comply with the Court's rules and the Court's orders, and that if he does not do so, this matter may be dismissed. Since the Court's prior strongly worded

---

[6] Defendants' counsel did not move to extend the deadlines as this is Plaintiff's case to prosecute and Defendants asked that additional fees not be expended in filing Motions which are Plaintiff's responsibility to file.

warnings have been disregarded by Plaintiff, and indeed have led to Plaintiff's counsel disparaging Judge Mix, lesser sanctions than dismissal will not be effective in this matter.

As a result of the above, Defendants respectfully request this Court dismiss Plaintiff's Complaint, with prejudice, for Plaintiff's failure to prosecute and/or failure to comply with court orders and rules.  Fed.R.Civ.P. 41(b); *Arakji v. Hess*, No. 15-cv-00681-CMA-MJW, 2016 WL 759177, at *1 (D. Colo. Feb. 2, 2016).

Defendants also request an award of attorney's fees and costs associated with the multiple conferrals, delays in having to prepare for Plaintiff's deposition repeatedly, and in having to prepare this Motion, as a sanction for Plaintiff's conduct.  Fed.R.Civ.P. 37(b).

To the extent the Court does not dismiss this action, Defendants respectfully request this Court enter an Order, once again extending the discovery cut-off date to August 16, 2017, to allow Defendants to take Plaintiff's deposition on May 26, 2017, and to extend the dispositive motion deadline to September 1, 2017 with Response Briefs due on September 15, 2017 and Reply Briefs due on September 22, 2017.  While Defendants have a Motion to Dismiss pending which should (once again) eliminate several of Plaintiff's claims, Defendants should not be prejudiced by not having the opportunity to file a dispositive motion in this deadline.  Fed. R. Civ. P. 56 (b) states that "Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Defendants proposed deadlines above shorten the time set forth in Rule 56 as counsel understands the trial date is fast approaching and thus an expedited briefing schedule may be required.

In sum, Defendants respectfully request this Court dismiss Plaintiff's action, with prejudice, based upon Plaintiff's failure to comply with Court rules. Fed.R.Civ.P. 41(b). Alternatively, Defendants respectfully request this Court extend the discovery cut-off deadline to August 16, 2017, the Dispositive Motion deadline to September 1, 2017 with Response Briefs dues on September 15, 2017 and Reply Briefs due on September 22, 2017. Defendants also seek an award of their attorneys' fees and costs associated with this Motion.

Respectfully submitted this 21st day of July, 2017.

By: */s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2017, I electronically filed the foregoing, Defendants' Rule 41(b) Motion to Dismiss or Alternatively to Extend the Discovery and Dispositive Motion Deadline, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

 Eric R. Coakley
 Coakley Krol
 2323 Central Park Boulevard
 Suite 100
 Denver, CO  80238
 coakley@coakleykrol

           */s/ Kristi L. Blumhardt*
           Kristi L. Blumhardt
           McElroy, Deutsch, Mulvaney & Carpenter, LLP
           5600 S. Quebec Street, Suite C100
           Greenwood Village, Colorado 80111
           Tel:  (303) 293-8800
           Fax: (303) 839-0036
           E-mail: kblumhardt@mdmc-law.com
           *Attorneys for Defendants Professional Bureau of*
           *Collections of Maryland, Inc., Phillip Justus and*
           *Travis Justus*