**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

    Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a
Maryland corporation,
PHILLIP JUSTUS, and
TRAVIS JUSTUS,

    Defendants.

---

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND INCORPORATED BRIEF**

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM"), Phillip Justus and Travis Justus (collectively "Defendants") by and through their counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, and pursuant to Fed.R.Civ.P. 56, hereby move this Court for entry of an Order of Summary Judgment in Defendants' favor and against Plaintiff's claims in their entirety.  In support thereof, Defendants state as follows:

**D.C.COLO.LCiv.R 7.1 Conferral**

Defendants certify that pursuant to D.C.COLO.L.Civ.R 7.1(a), counsel did not discuss the specific grounds for this motion.  Motions brought under Rule 56 are exempt from this requirement pursuant to D.C.COLO.L.Civ.R 7.1(b)(2).

**INTRODUCTION**

Defendants have a pending Motion to Dismiss Plaintiff's fourth filed version of her allegations, Amended Complaint #40. This Court's Order [#37] gave Plaintiff one last chance to cure issues raised in Defendants' prior Motions to Dismiss but in filing her most recent Amended Complaint [#40], she ignored issues already ruled upon and resolved in the Court's March 17, 2017 Order, #37. Defendants adopt and incorporate their Motion to Dismiss [#43] and Reply in Support [#50] herein. For the reasons stated in Defendants' Motion to Dismiss [#43] and Reply in Support [#50] this Court should dismiss Plaintiff's Amended Complaint [#40].

In addition to the reasons stated in Defendants' Motion to Dismiss, it is now clear that Plaintiff does not have evidence supporting her claims. As addressed below, Plaintiff admitted that she did not raise a Title VII hostile work environment claim in her EEOC Charge and thus she failed to exhaust her administrative remedies for that claim. Plaintiff's Title VII hostile work environment claim should therefore be dismissed with prejudice.

As to Plaintiff's FMLA interference claim, she did not identify one instance in which she was prevented from taking the full 12 weeks of FMLA leave, denied reinstatement to take leave or denied initial permission to take FMLA leave. Plaintiff instead testified that following her submission of FMLA paperwork in December of 2014, she had advised Phillip Justus on February 1, 2015 that she was going to be late the next day because her son had an anaphylaxis episode. She admitted that she did not state in her email that she was asking for FMLA leave but instead believed Mr. Justus should have known she was seeking FMLA leave. In any event, no one told her that she could not take the time off or

that there was a problem with taking the time off but, she was upset that Mr. Justus did not express his concern with her child. Further, Travis Justus was not working for PBCM at that time and thus could not have interfered with her FMLA leave.

Plaintiff also claimed she was terminated a week later as a result of taking this time off. Plaintiff's FMLA retaliation claim must fail because the decision to terminate her employment had been made days earlier, on January 30, 2015. Plaintiff cannot establish a causal connection between her advising she would be late one day to work, on February 2, 2015 and the decision to terminate her employment on January 30, 2015. Accordingly, Plaintiff's FMLA interference and retaliation claim must be dismissed because (1) Plaintiff did not present evidence that Defendants interfered with her right to take leave; (2) Plaintiff did not ask for FMLA leave but instead simply advised she would be late one day; (3) no one interfered with her taking time off; and (4) PBCM had already decided to terminate her employment prior to her email stating she would be late.

Plaintiff did not present evidence to support her Title VII disparate treatment claim fails. As stated above, Plaintiff testified that she was terminated as a result of asking for FMLA leave. This is not a circumstance that gives rise to a Title VII claim of disparate treatment. Next, assuming arguendo that Plaintiff did present sufficient evidence of a prima facie disparate treatment claim, Defendants presented extensive explanations that detail out the many legitimate, non-discriminatory reasons that she was terminated. Plaintiff did not then establish that the determining factor was instead her gender or that the stated reasons were pretext. Accordingly, Plaintiff's Title VII disparate treatment claim should be dismissed with prejudice.

Lastly, all of Plaintiff's claims must be dismissed because Plaintiff did not present evidence of damages. A necessary element to all of Plaintiff's claims is damages. Plaintiff did not and could not articulate the damages she is seeking in this matter, other that stating a type of damages (lost wages, and even then she later said she did not know), she did not and could not articulate the monetary amount of damages she was seeking, she did not and could not articulate a calculation supporting her unknown damages, and she did not provide any clarification of the damages she was seeking, calculations of damages or evidence supporting damages since her deposition. Plaintiff thus has a complete absence of evidence supporting the necessary element of damages to all of her claims and her claims should be dismissed in their entirety with prejudice.

**BACKGROUND FACTS**

1. Since the filing of Defendants Motion [#43 and #50] Plaintiff admitted that her EEOC Charge did not assert or allege a Title VII claim for a hostile work environment as part of her sex discrimination claim (referencing Deposition Exhibit No. 3). Plaintiff Robyn D. Ross Deposition Transcript, p. 143, ll. 13 -18, attached as **Exhibit A;** Exhibit 3 to Plaintiff's Depo. Tr., Ex. A.

2. Plaintiff submitted FMLA paperwork to PBCM the beginning of the second week of December 2014. Ross Dep. Tr., p. 88, ll. 9 – 14, Ex. A; Exhibit 2 to Plaintiff's Depo. Tr., Ex. A.

3. Plaintiff testified that she requested FMLA leave after turning in FMLA paperwork, via an email on January 31 or February 1, 2015. Id., at p. 88, ll. 16 – 24.

4.  Plaintiff did not state in her email that she was taking FMLA leave or needed to take FMLA leave but instead notified Phillip Justus that her son had gone into anaphylactic shock and that she may not be in the next day or may be late to work the next day. Id., p. 89, ll. 5 – 13.

5.  Plaintiff testified that Phillip Justus was supposed to know that her email was a request for FMLA leave. Id., p. 89, ll. 19 – 21.

6.  Plaintiff did not state that Phillip Justus or anyone else told her there was a problem with her taking time off on January 31 or February 1, 2015. Id., p. 91, l. 9 – p. 92, l. 2. She was upset because Phillip Justus did not to respond to her by saying "get well soon" or acknowledging a life threatening situation. Id.

7.  Plaintiff claims she was fired a week later because she took FMLA leave. Id., p. 92, ll. 3 – 4.

8.  Phillip Justus received Plaintiff's February 1, 2015 email but the email did not state that Plaintiff was seeking to take FMLA leave. Phillip Justus Declaration, attached as **Exhibit B**, ¶¶ 4, 5; Plaintiff's February 1, 2015 email to Mr. Justus, attached as Exhibit 1 to Mr. Justus' Declaration.

9.  The decision to terminate Plaintiff's position was made on Friday, January 30, 2015, prior to Plaintiff's email of February 1, 2015. Ex. B, Justus Decl. ¶ 6; Phillip Justus email to Russell Ray, dated January 30, 2015, attached as Exhibit 2 to Mr. Justus' Declaration.

10. Plaintiff's FMLA did not play any role in the decision to terminate Plaintiff. Ex. B, Justus Decl., ¶ 7; Ex. 2 to Justus Decl.

11. Plaintiff never requested to take FMLA leave from Phillip Justus and, had she done so, he would have directed her to speak with PBCM's Human Resources Department. Ex. B, Justus Decl., ¶ 4.

12. Phillip Justus had never seen Plaintiff's FMLA paperwork and did not know any of the specifics regarding Plaintiff's FMLA paperwork. Id. at ¶¶ 2, 3.

13. Additionally, at the time Plaintiff submitted her FMLA paperwork to PBCM, Travis Justus was no longer President of PBCM. Id., at ¶ 1.

14. At the time of Plaintiff's termination, Travis Justus was living in Lake Havasu and was not working at PBCM. Ex. A, Ross Depo. Tr., p. 96, l. 20 – p. 97, l. 15

15. Plaintiff was aware of PBCM's Sexual Harassment Policy and signed the policy on March 29, 2013. Id., p. 200, ll. 7 – 23; Sexual Harassment Policy attached as Exhibit 5 to Plaintiff's deposition and is contained in Exhibit A.

16. PBCM's Sexual Harassment Policy states, in part, "[i]f you believe you have been harassed or have witnessed an incident of harassment, submit an oral or written complaint to your own or any PBC manager of management within three calendar days of the offense." Id., p. 200, l. 24 – p. 201, l. 8.

17. PBCM's Sexual Harassment Policy defines Sexual Harassment as including, in part, "unwelcome conduct such as requests for sexual favors, conversation containing sexual comments and other unwelcome sexual advances. Sexually harassing conduct includes any prohibited conduct performed by a person of either the same or opposite sex as the person who is subject of the harassment." PBCM Sexual Harassment Policy, Ex. 5 to Ex. A.

18. Plaintiff testified that she reported two incidents in accord with PBCM's Sexual Harassment Policy including an incident on January 28, 2015 in which she reported that Matthew Justus was on the phone with an employee of another company and was yelling at her, telling her to do something she didn't want to do, and when she said no, he said well then that's the benefit of being your boss is that you have to do everything I tell you to do." Ex. A., Ross Depo. Tr., p. 201, ll. 9 – 25.

19. The second incident Plaintiff reported was on January 28, 2015 when she wrote up Matthew Justus for micromanaging her on a complicated projected. Id., p. 202, l. 23 – p. 204, l. 4.

20. Plaintiff did not report any other incidents pursuant to PBCM's Sexual Harassment Policy. Id., p. 5, ll. 5 – 6.

21. In answer to Plaintiff's Interrogatory No. 10, PBCM identified or listed over three pages of incidents in which Plaintiff was late for work, missed work or took extra time off. Defendant PBCM's Response to Interrogatory No. 10, attached as Exhibit C.

22. PBCM's Supplemental Response to Plaintiff's Interrogatory No. 3 provides a seven-page detailed explanation of the reasons why Plaintiff was terminated. Defendant PBCM's Supplemental Response to Interrogatory No. 3, attached as Exhibit D.

23. When questioned about the damages Plaintiff is seeking in this lawsuit, she stated "I don't know the damages off the top of my head." Ex. A, Ross Depo. Tr., p. 209, ll. 11 – 20.

24. Plaintiff understood she had an obligation to disclose her damage calculations in this lawsuit but she could not testify to the monetary damages she was seeking. Id., p. 209, l. 24 – p. 210, l. 20.

25.   When asked what she would need to reference to recall the damages she is seeking she stated "I would probably have to look through worksheets, I have no idea." Id., p. 210, l. 18 – p. 211, l. 1.

26.   Plaintiff testified that she did not know any specific or general number of damages. Id., p. 211, ll. 2 – 7.

27.   The most Plaintiff could testify to in relation to damages was giving a general category only – lost wages. Id., Tr., p. 211, ll. 8 – 12.

28.   Plaintiff apparently had calculated some type of damages during the EEOC proceeding but could not testify to those damages. Id., p. 210, ll. 3 – 20.

29.   When questioned if she was only claiming lost wages she stated "I don't remember any of this." Id., p. 212, ll. 10 – 12.

30.   Plaintiff did not retain an expert in the matter to testify to damages, if any. See Court Docket.

31.   Plaintiff did not subsequently provide the worksheet she referenced in her testimony after the deposition concluded to date.

## ARGUMENT

A.   **Summary Judgment Standard.**

Summary judgment may be granted by a trial court when no disputed issue of material fact exists and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56; *Calhan Chamber of Commerce v. Town of Calhan*, 166 P.3d 200, 202 (Colo. Ct. App. 2007). When a party moves for summary judgment "on an issue on which he would not bear the burden of persuasion at trial, his initial burden of production may be satisfied by showing the court there is

an absence of evidence in the record to support the nonmoving party's case." (citation omitted) *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). "If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record." *Id., quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2557-58, 91 L. Ed. 2d 265, 279 (1986).

If a court concludes that no reasonable juror could find for the non-moving party, based upon the admissible evidence presented in the motion and response, summary judgment is appropriate. *Nutting v. RAM Southwest*, 106 F. Supp. 2d 1121, 1123 (D. Colo. 2000). "The operative inquiry is whether, based on all the documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Id*. (citation omitted). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." *Id*. (citation omitted). Mere allegations or denials contained in pleadings are insufficient to show a disputed issue of material fact exists. C.R.C.P. 56(e).

### B. **Plaintiff did not exhaust her administrative relief for her hostile work environment claim.**

Plaintiff bears the burden to show, by competent evidence, that she properly exhausted the claims she asserts in federal court. *McBride v. CITGO Petro. Corp*. 281 F.3d 1099, 1106 (10th Cir. 2002) (citation omitted). Each individual discriminatory or retaliatory act must be administratively exhausted. *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (affirming Plaintiff is required to exhaust her administrative remedies "for each

individual discriminatory or retaliatory act."). "A failure to file an administrative … claim before bringing suit is jurisdictionally fatal." *Mitchell v. City and County of Denver*, 112 Fed. Appx. 662, 666, 2004 WL 2287756 (D. N.M. Oct. 12, 2004); *Rydzeski v. Curian Capital, LLC*, No. 06-cv-01298-WDM-BNB, 2008 WL 465299, at * 4 (D. Colo. Feb. 14, 2008) (stating "a plaintiff must exhaust administrative remedies with the EEOC prior to filing a Title VII claim in federal district court.") *(citations omitted).*

First, PBCM incorporated and adopts its argument contained in its Motion to Dismiss [#43] and Reply in Support [#50] as though fully set forth herein and requests this Court dismiss Plaintiff's Title VII hostile work environment claim with prejudice.

Next, and importantly, Plaintiff admits she did not assert a Title VII hostile work environment in her EEOC Charge. (Fact No. 1). This admission alone reveals Plaintiff did not exhaust her administrative remedies for this claim and thus her Title VII hostile work environment claim should be dismissed with prejudice.

### C. **Plaintiff does not establish a Title VII retaliation claim.**

In order to state a claim of Title VII retaliation, Plaintiff must show that she engaged in protected opposition to discrimination, that a reasonable employee would have found the challenged action materially adverse, and that a causal connection exists between the protected activity and the materially adverse action. *Protector v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007). Plaintiff was familiar with PBCM's Sexual Harassment Policy and testified that in accord with that Policy, she reported two incidents in January of 2015. (Fact Nos. 15 - 20). Plaintiff's description of the incidents plainly reveal that the incidents did not involve discrimination, but rather involved issues relating to

micromanaging an employee or yelling at an employee. To the extent the allegations involve harassment, the allegations do not involve *sexual* harassment. Allegations of "general harassment if not racial or sexual [are] not actionable." *Bolden v. PRC, Inc.*, 43 F.3d 545, 551 (10th Cir. 1994).

Additionally, Plaintiff did not claim that she was terminated as a result of reporting the two incidents but instead testified that she believed she was terminated as a result of taking FMLA leave. (Fact No. 7). Plaintiff did not testify to or otherwise present any evidence that she was terminated as a result of reporting the two incidents in January of 2015 and thus cannot establish a causal connection between her reporting of harassment (not sexual harassment) and her termination. As such, Plaintiff's Title VII claim fails and thus should be dismissed with prejudice.

### D. Plaintiff does not state a plausible claim for interference or retaliation of Plaintiff's FMLA rights.

In order for Plaintiff to assert a plausible claim for interference under the FMLA, she must allege "(1) she was entitled to take FMLA leave, (2) that some adverse action by the employer interfered with her right to take such leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." *Dalpiaz v. Carbon County, Utah,* 760 F.3d 1126, 1132 (10th Cir. 2014), *quoting Campbell v. Gambro Healthcare, Inc.,* 478 F.3d 1282, 1287 (10th Cir. 2007). In this matter, Plaintiff alleges that she filed FMLA paperwork on December 2014. (Fact No. 2). However, Plaintiff does not allege facts which support the above second and third element. For example, in *Dalpiaz,* the Tenth Circuit identified adverse actions that interfere with the right to take FMLA leave as including an employer preventing an employee from taking the full 12 weeks of leave, denying

reinstatement following leave, or denying initial permission to take FMLA leave. *Id., quoting Campbell,* 478 F.3d at 1184. Plaintiff does not allege any such adverse act occurred in relation to her filing of FMLA paperwork.

To be sure, Plaintiff does not allege that following the filing of her FMLA paperwork she specifically requested to take FMLA leave but instead sent a note to Phillip Justus and expected him to understand she was taking FMLA leave. (Fact No. 3 – 5) It is axiomatic that PBCM could not interfere with a right that was never requested.

Additionally, Plaintiff's testimony does support the third element of an FMLA interference claim – that PBCM's action was related to the exercise or attempted exercise of her FMLA rights. *Id.* Again, PBCM could not violate Plaintiff's FMLA rights when she did not ask for FMLA leave. Further, Phillip Justus stated that he did not know the details in Plaintiff's FMLA paperwork, he did not receive her FMLA paperwork, and he stated that PBCM's HR would have handled FMLA leave. (Fact Nos. 8, 11, 12)  Travis Justus was no longer working at PBCM so he could not have interfered with her FMLA and, she did not testify that anyone else at PBCM interfered with her request to take FMLA leave. (Fact Nos. 6, 13, 14). Accordingly, Plaintiff did not establish a claim for interference with the FMLA and Plaintiff's FMLA interference claim should be dismissed with prejudice.

Plaintiff also fails to present evidence supporting a FMLA retaliation claim. An FMLA retaliation claim requires Plaintiff to establish "(1) that [she] engaged in protected activity by taking FMLA-protected leave; (2) [PBCM] took a materially adverse action against [her]; and (3) the circumstances permit an inference of causal connection between the two events ..." *Smothers v. Solvay Chemicals, Inc.,* 740 F.3d 530, 540 (10th Cir. 2014).

Once more, Plaintiff did not present evidence that supports her FMLA retaliation claim. Plaintiff alleges that she was terminated as a result of taking FMLA leave. (Fact No. 7). Setting aside whether her February 1, 2015 email was a request for FMLA leave, she could not have been terminated as a result of taking FMLA leave because the decision to terminate her had been made days earlier, on January 30, 2017. (Fact No. 9 – 10). It is axiomatic that one cannot be terminated for an event that happened after the decision to terminate had already been made. Plaintiff cannot establish a causal connection between her February 1, 2015 email and the decision to terminate her employment on January 30, 2015. Accordingly, Plaintiff's FMLA retaliation claim should be dismissed with prejudice.

### E.  Plaintiff's Title VII Disparate Treatment Claim Fails.

In order for Plaintiff to establish a prima facie case of an equal-protection claim based upon disparate treatment, she must provide either direct evident of discrimination or must prevail under the *McDonnel Douglas* burden shifting framework. *Mormon v. Campbell County Memorial Hospital*, 632 F. App'x 927, 933 (10th Cir. 2015). Plaintiff did not allege or testify to any direct evidence supporting a claim of disparate treatment.

Accordingly, under McDonnel Douglas, she must establish a prima facie case of discrimination including (1) that she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Commc'n, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015 (citing *E.E.O.C. v. PVNF, L.L.C.,* 487 F.3d 790, 800 (10th Cir. 2007). PBCM does not dispute that Plaintiff is a member of a protected class, female, and that she suffered an adverse employment action, termination. However, Plaintiff did not produce evidence that her

termination was under circumstances giving rise to an inference of discrimination. As stated above, Plaintiff testified that she believed she was terminated because she took FMLA leave. (Fact No. 7). Exercising one's rights under the FMLA does not give rise to a disparate treatment claim.

Additionally, if Plaintiff had in fact provided evidence that her termination occurred under circumstances giving rise to an inference of discrimination, PBCM then bears the burden of producing a legitimate, non-discriminatory reason for her termination. *Mormon v. Campbell County Memorial Hospital*, 632 F. App'x 927, 933 (10th Cir. 2015). As stated by Phillip Justus, he made a decision to terminate Plaintiff on January 30, 2015 because of a significant error involving a Nebraska license, in addition to other reasons. (Fact. No. 9)  Additionally, PBCM provided discovery responses that set forth the numerous other detailed reasons explaining the legitimate, non-discriminatory reasons for her termination. (Fact Nos. 21 - 22).

The burden then shifts back to Plaintiff to show that plaintiff's protected status was the determining factor in the employment decision or that the employer's states explanation is pretext. *Id*. Plaintiff has not provided any evidence that would show her status was the determining factor in her termination or that the multiple reasons for her termination were pretext. In the absence of such evidence, Plaintiff cannot meet her burden and thus her Title VII disparate treatment claim should be dismissed with prejudice.

### F. **Plaintiff's claims in their entirety must be dismissed as Plaintiff failed to establish a necessary element to each claim – damages.**

As stated above, Plaintiff did not and could not articulate the damages she is seeking in this matter. (Fact Nos. 23 – 31). Damages are a necessary element to Plaintiff's claims. *Hitchens v. Montgomery Cty.*, 278 F. App'x 233, 235 (3d Cir. 2008) (noting that Hitchens fails

to address the District Court's conclusion that she did not provide *any* evidence of injury or damages, which is a necessary element of a Title VII claim ) (citing *Kunin v. Sears Roebuck and Co.,* 175 F.3d 289, 293 (3d Cir.1999); *Baldwin v. Pirelli Armstrong Tire Corp*., 927 F. Supp. 1046, 1053 (M.D. Tenn. 1996) (stating damages, of course, are generally a necessary element of a cause of action) (citing *Reynolds v. Ozark Motor Lines, Inc*., 887 S.W.2d 822 (Tenn.1994) (retaliatory discharge); Tenn.Code Ann. § 47–50–109 and *TSC Indus., Inc. v. Tomlin,* 743 S.W.2d 169 (Tenn.Ct.App.1987) (interference with contract); *Braswell v. Carothers*, 863 S.W.2d 722 (Tenn. Ct.App. 1993) (civil conspiracy).

In this matter Plaintiff testified, at best, that she thought the type of damages were "lost wages" but she could neither identify the monetary amount of damages nor the method of how she calculated such damages. (Fact Nos. 23 - 29). She later said she did not even know if she was seeking lost wages. (Fact No. 29). She did not retain an expert witness to testify to damages. (Fact No. 30). Accordingly, there is a complete absence of evidence of the necessary element of damages for all of Plaintiff's claims and all of her claims should therefore be dismissed with prejudice.

## CONCLUSION

For all of the reasons stated above, and as set forth in Defendants' Motion to Dismiss [#43] and Reply in Support [#50] Defendants respectfully request this Court enter summary judgment in Defendants' favor and dismiss Plaintiff's claims in their entirety with prejudice.

Respectfully submitted this 20th day of October, 2017.

By: */s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

## CERTIFICATE OF SERVICE

I hereby certify that on 20th day of October, 2017, I electronically filed the foregoing, Motion to For Summary Judgment and Incorporated Brief, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Andrew D. Hurd, Esq.
Miller & Law, P.C.
1900 W. Littleton Boulevard
Littleton, CO  80120
adh@millerandlaw.com

*/s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
E-mail: kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

17