## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

      Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a
Maryland corporation,
PHILLIP JUSTUS, an individual; and
TRAVIS JUSTUS, an individual,

      Defendants.

---

## DEFENDANT PBCM'S RESPONSES TO PLAINTIFF'S
## FIRST SET OF COMBINED DISCOVERY REQUESTS

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM" or "Defendant") by and through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submit their Responses to Plaintiff's First Set of Combined Discovery Requests as follows:

As and for General Objections, Defendants state as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's Requests, including any Definitions therein, to the extent the Requests are overbroad and purport to require Defendant to supply documents or information that are not in its possession, custody or control.  Defendant will undertake reasonable efforts and make diligent inquiries to obtain and provide information responsive to these Requests, to the extent the information requested is not otherwise objectionable or privileged.

**Exhibit C**

2.      Defendant further objects to the Requests to the extent that they may seek production of documents or information shielded from discovery by the attorney-client, attorney work product and/or self-evaluative privileges.  Defendant will not provide privileged information responsive to any particular Request.  Defendant does not waive, and intends to preserve and is preserving, the attorney-client, attorney work product and self-evaluative privileges and the right to privacy, as well as any and all other applicable privileges.  If privileged information or documents are produced, such production is inadvertent and is not intended, and will not constitute a waiver of any such privilege.

3.      Defendant further objects to the Requests to the extent they seek documents or information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26.

4.      Defendant further objects to the Requests to the extent they seek information that is proprietary, confidential, personal and private, and/or that seeks information which would violate an individual or entity's right to privacy, including but not limited to social security numbers, dates of birth, salary and benefit information, and addresses and telephone numbers that are not publically available.

5.      Defendant specifically incorporates the foregoing General Objections into each and every objection and/or individualized response contained herein and set forth below and to each and every amendment, supplement or modification to these Responses hereinafter provided to the specific Interrogatory propounded by Plaintiff.  Defendant does not intend to waive any General Objection responsive to any specific Interrogatory.

2

**Exhibit C**

6.      In addition to the General Objections set forth above, Defendant will state other specific objections that are not generally applicable to all of the Requests.  By setting forth such specific objections, Defendant does not intend to limit the General Objections set forth above.  To the extent that Defendant responds to Interrogatories to which it objects, such objections are not waived by providing the information requested.

7.      Insofar as certain discoverable documents requested by Plaintiff contain private or confidential information, such information was redacted from the documents in order to protect the privacy, proprietary information or other confidential information.

These objections and responses are based upon information now known.  Accordingly, Defendant reserves the rights to amend, modify or supplement the objections and/or responses stated herein in accordance with the Federal Rules of Civil Procedure and any Final Pretrial Order entered herein.

**Exhibit C**

interviewed Christine A. Samsel, Esq. on or about June 16, 2016 and Jeb Judy on or about June 20, 2016.

**Interrogatory No. 9**.

Identify each and every item you contend Ms. Ross disclosed that was "attorney-client privilege", "statutorily protected consumer information" or otherwise subjected Ms. Ross to some duty to not disclose. In doing so, please describe the information you contend was disclosed, the date that information was disclosed, Identify the person to whom you contend he information was disclosed, and the specific duty or privilege which applies.

**Answer:**

Objection. Contention interrogatories at this stage are premature, particularly since PBCM has not yet filed an Answer in this matter due to the pending Motion to Dismiss the Amended Complaint and thus has not formulated its defenses to Plaintiff's actionable claims, if any. PBCM has not yet contended anything in this matter. Additionally, parties are generally not required to respond to contention interrogatories until the discovery process is near its end. PBCM will supplement its Answer to this Interrogatory, if necessary, depending upon the Court's ruling on PBCM's pending Motion and the discovery developed in this matter.

**Interrogatory No. 10.**

Identify each and every instance in which you contend Ms. Ross was "late for work, missed work altogether, and/or took extra time off…" In doing so, please state the date or time and the reason You believe Ms. Ross was late for work, missed work, or took extra time off.

9

**Exhibit C**

**Answer:**

Objection. This Interrogatory is overly broad and unduly burdensome to the extent it seeks the identity of "each and every instance" that Plaintiff was "late for work, missed work altogether, and/or took extra time off ...". Contention interrogatories at this stage are premature, particularly since PBCM has not yet filed an Answer in this matter due to the pending Motion to Dismiss the Amended Complaint and thus has not formulated its defenses to Plaintiff's actionable claims, if any. PBCM has not yet contended anything in this matter. Additionally, parties are generally not required to respond to contention interrogatories until the discovery process is near its end. Subject to and without waiving its objections, PBCM states as follows:

| | |
|---|---|
| 04/09/2013: | Ms. Ross sent an email to the executive assistant saying she would be in late because she was dropping her daughter off at a babysitter; |
| 05/16/2013: | Ms. Ross sent an email to the assistant explaining that she would be in late again due to needing to take her mother to the hospital to visit her son and would come in close to 9:30; |
| 05/16/2013: | Left early this day due to son's relapse; |
| 05/17/2013: | Ms. Ross sent an email to the executive assistant saying she would be in about 9:30 a.m.; |
| 05/23/2013: | Ms. Ross sent an email to the assistant explaining that she would be in late due to bad traffic; |
| 06/03/2013: | Left early, approximately 3:30 p.m.; |
| 06/25/2013: | Ms. Ross sent an email to the executive assistant explaining that she would be in late again because her son had tonsillitis and a fever; |
| 10/25/2013: | Ms. Ross called in and talked to the assistant explaining that she would be in late again because her son had to go to the ER; |

10

**Exhibit C**

10/28/2013:   Ms. Ross altered her hours to 8:30-4:30 in order to better fit her schedule;

11/15/2013:   Ms. Ross showed up to work 30 minutes late, at 9:00 a.m., with no reason or warning given to anyone;

03/12/2014:   Out of the office all day due to a sick child;

03/13/2014:   Late to the office;

04/03/2014:   Ms. Ross sent text at 8:29 a.m.  At I-25 and University, very slow traffic today;

04/22/1014:   Ms. Ross sent text advising she has food poisoning and would not be in;

06/03/2014:   Ms. Ross sent a text at 8:29 a.m. advising she was in heavy traffic at I-25 and Broadway;

06/20/2014:   Ms. Ross had requested for the afternoon off, which was granted, however, Ms. Ross was about 30 minutes late that morning without any notification or excuse;

07/09/2014:   Ms. Ross sent a text at 8:18, advising of traffic accident, show traffic, might be late;

07/15/2014:   Ms. Ross sent a text at 8:36 a.m., at Hampden, traffic is crawling;

07/23/2014:   Left early, per 7/23/14 email;

07/31/2014:   Out of office for a CLE class;

08/01/2014:   Ms. Ross sent email re being late due to school meeting and need to get a CO driver license.  She stated she tried to take a vacation day but Travis said he rather she comes in late.  She dropped the ball on telling everyone – won't happen again;

08/04/2014:   Ms. Ross sent text that she would not be in the office due to her 3 year old being up all night, no babysitter, and her husband just started a new job;

08/11/2014:   Ms. Ross sent text, has a doctor appointment at 2:30 p.m., having an allergic reaction to antibiotic around her eye;

08/12/2014:   Ms. Ross sent text at 9:41 p.m. advising that she has to register her son for school next day at 7:30 a.m., hopefully it won't take long and she won't be late;

**Exhibit C**

08/15/2014:     Left early (2:45) for school related home visit;

08/18/2014:     8:00 a.m. meeting with school administration (will be late);

08/21/2014:     10:30 a.m. meeting with entire school staff (will be late);

08/25/2014:     8:00 – 10:00 a.m. school orientation meeting (will be late) and 5:00 – 7:00 p.m. group orientation (cannot work late);

08/29/2014:     3:45 p.m. kindergarten assessment (leaving early);

10/14/2014:     Missed work due to a sick child;

10/28/2014:     Left office at lunch for minor medical procedure.  Ended up feeling like she was hit by a truck and went home;

10/31/2014:     Missed 3 hours of work due to a meeting with her son's school;

11/05/2014:     Attended unapproved networking lunch;

11/12/2014:     Ms. Ross sent an email to Phillip Justus at 8:50 am saying she would be 15 minutes late as she woke up sick from stopping her medication.  She emailed again at 9:11 a.m. saying traffic was bad and she would be even late.  She also left early;

11/20/2014:     Ms. Ross requested and was granted the accommodation to change her hours from 8-4 for the dates of 11/24-26/2014 due to her nanny being out of town;

11/30/2014:     Ms. Ross emailed Phillip Justus at 4:03 pm to state she would be out of the office on 12/1/2014 from 8:30-10:45 in order to take her daughter to an eye appointment;

12/01/2004:     Late due to daughter's eye appointment;

12/02/2014:     Ms. Ross sent an email to Phillip Justus at 10:32 am stating she would not be in until after 11:30 due to a doctor's appointment;

12/08/2014:     Ms. Ross sent an email to Phillip Justus at 5:06 pm on 12/07/2-14 stating she would need to leave at 2:50 the following day because she had a sick nanny;

**Exhibit C**

| | |
|---|---|
| 12/09/2014: | Ms. Ross sent an email to multiple Parties including HR at 7:09am stating she would be late due to a sick child; |
| 12/11/2014: | Out for the day because of a sick child; |
| 12/18/2014: | Left early, per 4:09 p.m. email advising she is out of the office; |
| 12/19/2014: | Day Off; |
| 01/20/2015: | Left early to take her daughter to doctor; |
| 01/27/2015: | Took extended lunch (1:45 minutes); |
| 01/30/2015: | Late (arrived at 9:19 a.m.); |
| 02/02/2015: | Out due to son being in hospital; |
| 02/05/2015: | Out of office for the day; |
| 02/06/2015: | Out of office for the day. |

**Interrogatory No. 11**.

With regard to Ms. Ross's employment and termination, were all PCBM policies, rules and procedures in the followed? If not, please state: (a) each policy, rule or procedure not followed; (b) the individual failing to follow the rule, procedure or policy; and (c) the reason for the rule, procedure or policy having been violated.

**Answer:**

Objection. This Interrogatory is vague and overbroad to the extent it seeks information pertaining to "all" of PBCM's policies and whether PBCM followed "all" of its policies during Plaintiff's employment. This Interrogatory is vague and overbroad as it is not necessarily limited to Plaintiff, it lacks time parameters and PBCM cannot possibly answer whether it followed "all"

13

**Exhibit C**

and unduly burdensome.  This Request is not limited in time and seeks information outside of the applicable statute of limitations period.   PBCM cannot possibly know what Plaintiff means by "documents evidencing complaints regarding Erich Brechbill".

**Request for Production No. 13.**

Produce any documents evidencing complaints regarding Russ Ray. This request seeks, but is not limited to, any documents reflecting disciplinary actions.

**Response:**

Objection.  This Request for Production of Documents is not reasonably related to or proportional to Plaintiff's claims in this matter, if any.   This Request is also overbroad, vague and unduly burdensome.  This Request is not limited in time and seeks information outside of the applicable statute of limitations period.   PBCM cannot possibly know what Plaintiff means by "documents evidencing complaints regarding Russ Ray".

Respectfully submitted this 2nd day of December, 2016.

By: _/s/ Kristi L. Blumhardt_
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of*
*Collections of Maryland, Inc., Phillip Justus and Travis*
*Justus*

20

**Exhibit C**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2016, I electronically filed the foregoing, Defendant PBCM's Responses to Plaintiff's First Set of Combined Discovery Requests via email as follows:

Eric R. Coakley
Coakley Krol
2323 Central Park Boulevard
Suite 100
Denver, CO 80238
coakley@coakleykrol

Andrew Hurd
Miller & Law PC
1900 W. Littleton Blvd.
Littleton, CO 80120
adh@millerandlaw.com


/s/ Kristi L. Blumhardt
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
E-mail: kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

21

**Exhibit C**