**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-01550-KLM

ROBYN D. ROSS, an individual,

    Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a
Maryland corporation,
PHILLIP JUSTUS, an individual; and
TRAVIS JUSTUS, an individual,

    Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Defendants Professional Bureau of Collections of Maryland, Inc. ("PBCM"), Phillip Justus and Travis Justus (collectively "Defendants") by and through their counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submit their Reply in Support of Defendants' Motion for Summary Judgment [#56] as follows:

### I. INTRODUCTION

Plaintiff did not file a Response Brief to Defendant's Motion for Summary Judgment [#56]. Defendants' Motion should be granted because they are entitled to judgment as a matter of law based upon Plaintiff's failure to set forth admissible facts that support her claims and based upon the undisputed evidence presented by Defendants in support of their Motion. Fed. R.

Civ. P. 56(e)(3) (if the opposing party does not respond, summary judgment should be entered if "the movant is entitled to it").

Defendants are entitled to entry of summary judgment as it is undisputed that Plaintiff did not present evidence of damages - an essential element to all of her claims. It is also undisputed that Plaintiff does not have evidence supporting her Title VII disparate treatment claim or her Title VII retaliation claim. Plaintiff does not even contend that she was terminated based upon her sex or that she was terminated for participating in an activity that is protected by Title VII. Instead, she testified that she was terminated because she took FMLA leave. Plaintiff also admitted that she did not exhaust her administrative remedies for a Title VII hostile work environment claim. Based upon the undisputed facts set forth in Defendants' Motion, Plaintiff's Title VII claims should be dismissed with prejudice.

Additionally, Plaintiff did not meet her burden of establishing that Defendants interfered with her right to take FMLA leave. The undisputed facts reveal that Plaintiff did not request FMLA leave but instead, Plaintiff sent an email to Phillip Justus on February 1, 2015 advising that she may be late the next day because her son was in the hospital. Defendant Travis Justus was not employed by PBCM at this time. Moreover, even if the February 1, 2015 email could somehow be construed as a request for FMLA leave, Defendants did not interfere with her taking off on February 1 or February 2, 2015. Furthermore, the undisputed evidence establishes that PBCM's decision to terminate Plaintiff was made prior to the February 1, 2015. Consequently, Plaintiff cannot establish a causal connection between the decision to terminate Plaintiff and her subsequent (alleged) FMLA leave.

Based upon the undisputed facts set forth in Defendants' Motion, Defendants are entitled to summary judgment on all of Plaintiff's claims and her claims should be dismissed with prejudice.

## II. STANDARD OF REVIEW

Plaintiff did not file a response to Defendants' Motion for Summary Judgment and thus the Court must accept all material facts asserted and properly supported in Defendants' Motion as true. *Carbajal v. Warner*, 10-CV-02862-PAB-KLM, 2016 WL 1211840, at *2 (D. Colo. Mar. 29, 2016) (*citing Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)) (stating "[t]he Court must 'accept as true all material facts asserted and properly supported in [defendants'] summary judgment motion' and grant summary judgment if, based on those facts, the moving party is entitled to judgment as a matter of law.").

Additionally, Plaintiff does not have evidence to establish essential elements of her claims. As such, when "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)).

Plaintiff, as the nonmoving party, may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must

establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted).

### III. STATEMENT OF UNDISPUTED FACTS

Defendants incorporate their statement of facts, which are all properly supported by evidence and are undisputed by Plaintiff, as set forth in its Motion for Summary Judgment. (#56 at pp. 4 through 8). *Carbajal,* 2016 WL 1211840, at *2 (*citing Reed,* 312 F.3d at 1195).

### IV. ARGUMENT

#### A. Plaintiff's failure to produce evidence of damages is fatal to her claims.

Plaintiff asserts three claims for relief including (1) violations of Title VII; (2) violations of the FMLA – Retaliation; and, (3) FMLA Interference. [#43]. The existence of damages is a necessary element to each of Plaintiff's claims. *Hitchens v. Montgomery Cty.*, 278 F. App'x 233, 235 (3d Cir. 2008); *Kunin v. Sears Roebuck and Co*., 175 F.3d 289, 293 (3d Cir. 1999); *Baldwin v. Pirelli Armstrong Tire Corp*., 927 F. Supp. 1046 (M.D. Tenn. 1996).

Plaintiff admits that she does not have evidence of damages and indeed struggled to even identify a category of damages in this matter. [#56, Background Facts, ¶¶ 23 – 31]. Because Plaintiff has failed to establish any evidence of damages relating to any of her claims for relief, and does not dispute this is the case, Defendants are entitled to judgment as a matter of law on each of Plaintiff's causes of action.

B. **Defendants are entitled to Summary Judgment on each of Plaintiff's Title VII claims.**

Subsumed within Plaintiff's claims arising under Title VII are claims for (1) disparate treatment on the basis of sex; (2) hostile work environment; and (3) retaliation. [#40]. PBCM again incorporates its Motion to Dismiss [# 43] and Reply in Support of the Motion to Dismiss [#50] herein in relation to the Title VII claims.

Plaintiff bears the burden of establishing that she exhausted her administrative remedies as to all of her Title VII based claims. *McBride v. CITGO Petro. Corp*. 281 F.3d 1099, 1106 (10th Cir. 2002) (citation omitted). Further, each individual discriminatory or retaliatory act must be administratively exhausted. *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (affirming Plaintiff is required to exhaust her administrative remedies "for each individual discriminatory or retaliatory act."). Based upon Plaintiff's undisputed testimony, she did not exhaust her administrative remedies relating to a hostile work environment. [#56, Background Facts, ¶ 1]. Plaintiff's admission is fatal to her hostile work environment claim and thus PBCM is entitled to summary judgment on Plaintiff's Title VII hostile work environment claim.

In relation to Plaintiff's Title VII disparate treatment claim, Plaintiff bears the burden of establishing disparate treatment by either direct evidence of discrimination or she must prevail under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Morman v. Campbell Cty. Mem'l Hosp*., 632 Fed. Appx. 927, 933 (10th Cir. 2015). Plaintiff did not allege or testify to any direct evidence supporting a claim of discrimination. Accordingly, under *McDonnel Douglas*, she must establish

a prima facie case of discrimination including (1) that she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Commc'n, Inc*., 792 F.3d 1261, 1266 (10th Cir. 2015 (citing *E.E.O.C. v. PVNF, L.L.C.,* 487 F.3d 790, 800 (10th Cir. 2007).

Plaintiff is a member of a protected class but she did not establish that she suffered an adverse employment action relating to her protected class and she did not establish that the "challenged action" occurred under circumstances giving rise to an inference of discrimination. It is undisputed that Plaintiff testified that she was terminated because she allegedly took FLMA leave. [#56, Background Facts, ¶¶ 6 - 7]. Plaintiff did not testify that she was terminated because she was a member of a protected class. [Id.]. Accordingly, Plaintiff does not meet her burden of establishing an essential element to her disparate treatment claim.

Moreover, Plaintiff does not meet her burden of establishing that the "challenged action", presumably her termination, occurred under circumstances giving rise to an inference of discrimination. Again, Plaintiff testified that she was terminated because she had taken FMLA leave. [#56, Background Facts, ¶¶ 6 - 7]. She did not testify that she was terminated for any other reason. The act of taking leave under the FMLA does not give rise to an inference of discrimination on the basis of sex, and thus Plaintiff cannot establish a prima facie case of discrimination under Title VII.

Further, even if Plaintiff established a prima facie case of disparate treatment under Title VII, it is undisputed that PBCM terminated Plaintiff for non-discriminatory and legitimate

reasons. [#56, Background Facts, ¶¶ 21 - 22].   The burden thus shifts to Plaintiff to show that her protected status was a determinative factor in the employment decision and/or that the employer's explanation is pretext.  Plaintiff fails to present any evidence in this regard and thus PBCM is entitled to judgment as a matter of law on Plaintiff's disparate treatment claim.

Lastly, Plaintiff does not contest or dispute the fact that she did not engage in activity protected by Title VII and thus cannot establish a claim of retaliation under Title VII. *Protector v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007).   While Plaintiff testified that she reported two incidents of conduct in January of 2015, by her own admission, both incidents involved her overhearing Matthew Justus "yelling" at another employee regarding a business matter and "micro-managing" employees – not sex discrimination. [#56, Background Facts, ¶¶ 18 - 20].   Additionally, it is undisputed that Plaintiff cannot establish a causal connection between reporting the two management incidents and her termination.  Once again, Plaintiff testified that she was terminated because she (allegedly) took FMLA leave. [#56, Background Facts, ¶ 7].  Plaintiff thus does not meet her burden of establishing that she was terminated as a result of engaging in any activity protected by Title VII and PBCM is entitled to summary judgment on Plaintiff's Title VII retaliation claim.

        C.        **Plaintiff does not have evidence supporting her FMLA claims.**

Based upon the undisputed evidence Defendants set forth in their Motion for Summary Judgment, Plaintiff cannot establish that any of the Defendants interfered with Plaintiff's FMLA rights or that Plaintiff was terminated because of exercising her FMLA rights.  To be sure, it is undisputed that

- Plaintiff submitted her FMLA paperwork to PBCM during the second week of December 2014 [#56, Background Facts, ¶ 2];

- At the time she submitted her FMLA paperwork, Travis Justus was no longer the President of PBCM and at the time of her termination, Travis Justus was no longer working at PBCM and was living in Lake Havasu [#56, Background Facts, ¶¶ 13 – 14];

- She sent an email on January 31 or February 1, 2015 to Phillip Justus and although her email did not specify she was seeking FMLA leave, she expected Phillip Justus to know she was requesting FMLA leave [#56, Background Facts, ¶¶ 3 – 5, 8, 11];

- Phillip Justus had never seen Plaintiff's FMLA paperwork, he did not know the specifics regarding her FMLA paperwork and, had she actually requested to take FMLA leave from Phillip Justus, he would have directed her to speak with PBCM's Human Resources Department [#56, Background Facts, ¶¶ 11 - 12];

- No one at PBCM prevented her from taking leaving on February 1, 2015 (or February 2, 2015) and no one advised her that there was a problem with her taking time off on either day [#56, Background Facts, ¶ 6];

- Plaintiff believes she was terminated because she (allegedly) took FMLA leave on or about February 1, 2015 [#56, Background Facts, ¶ 7];

- PBCM decided to terminate Plaintiff on Friday, January 30, 2015, prior to her sending an email to Phillip Justus on February 1, 2015 [#56, Background Facts, ¶ 9];

- Plaintiff's FMLA did not play any role in the decision to terminate Plaintiff [#56, Background Facts, ¶ 10].

For Plaintiff to establish a claim for interference under the FMLA, she must establish "(1) she was entitled to take FMLA leave, (2) that some adverse action by the employer interfered with her right to take such leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights." *Dalpiaz v. Carbon County, Utah*, 760 F.3d 1126, 1132 (10th Cir. 2014). Based upon the above undisputed facts, Plaintiff did not present any evidence that she requested FMLA leave following submission of her FMLA paperwork, that any of the Defendants interfered with Plaintiff taking FMLA leave, or that she was terminated because of taking FMLA leave. As such, Plaintiff's FMLA interference claim fails as a matter of law. Defendants are thus entitled to summary judgment on Plaintiff's FMLA interference claim.

To establish a FMLA retaliation claim, Plaintiff must establish "(1) that [she] engaged in protected activity by taking FMLA-protected leave; (2) Defendants took a materially adverse action against [her]; and (3) the circumstances permit an inference of causal connection between the two events ..." *Smothers v. Solvay Chemicals, Inc.,* 740 F.3d 530, 540 (10th Cir. 2014). Again, based upon the above uncontested facts, Plaintiff cannot establish that she took FMLA protected leave, that Defendants terminated her because of taking FMLA leave or that circumstances permit a causal connection between the two events. Indeed, it is undisputed that the decision to terminate Plaintiff was made prior to her email stating she was going to be late (but not actually requesting FMLA leave) and

Plaintiff's FMLA did not play any role in the decision to terminate Plaintiff.  It is undisputed that Phillip Justus, the President of PBCM at the time, had not seen Plaintiff's FMLA paperwork, he did not have any information relating to the specifics of Plaintiff's FMLA paperwork, and had she made a request to him to take FMLA leave he would have directed Plaintiff to talk to the Human Resources Department.   Based upon said undisputed facts, Plaintiff cannot establish an FMLA retaliation claim and summary judgment should be granted to Defendants on Plaintiff's FMLA retaliation claim.

## V.  CONCLUSION

For the reasons summarized above, Defendants' respectfully request that this Court grant summary judgment in favor of Defendant as to each of Plaintiff's claims and for any other relief which the Court deems appropriate.

Respectfully submitted this 24th day of November 2017.

By: */s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 South Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November, 2017, I electronically filed the foregoing, Reply in Support of Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Andrew D. Hurd, Esq.
Miller & Law, P.C.
1900 W. Littleton Boulevard
Littleton, CO 80120
adh@millerandlaw.com

*/s/ Kristi L. Blumhardt*
Kristi L. Blumhardt
McElroy, Deutsch, Mulvaney & Carpenter, LLP
5600 S. Quebec Street, Suite C100
Greenwood Village, Colorado 80111
Tel:  (303) 293-8800
Fax: (303) 839-0036
E-mail: kblumhardt@mdmc-law.com
*Attorneys for Defendants Professional Bureau of Collections of Maryland, Inc., Phillip Justus and Travis Justus*