IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01550-KLM

ROBYN D. ROSS, an individual,

    Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., a Maryland corporation,
PHILLIP JUSTUS, an individual, and
TRAVIS JUSTUS, an individual,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Summary Judgment** [#56][1] (the "Motion"). Although represented by counsel, Plaintiff has not timely filed a Response. *See* D.C.COLO.LCivR 7.1(d). Defendants filed a Reply in Support of their Motion for Summary Judgment [#57].

The Motion [#56] is also technically, in the alternative, a Motion to Dismiss, because "Defendants adopt and incorporate their Motion to Dismiss [#43] and Reply in Support [#50] herein." *Motion* [#56] at 2. They argue here that "[f]or the reasons stated in Defendants' Motion to Dismiss [#43] and Reply in Support [#50] this Court should dismiss Plaintiff's Amended Complaint." *Id.* The Court previously agreed to consider all arguments raised

---

[1] "[#56]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

in the Motion to Dismiss [#43] (which was denied as moot given that all arguments were incorporated into the present Motion [#56]), to the extent Defendants' other arguments were unsuccessful. *Minute Order* [#60].

The Court has reviewed the Motion [#56], the Reply [#57], the incorporated briefs [#53, #50], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#56] is **GRANTED in part** and **DENIED in part**.[2]

### I. Summary of the Case[3]

Plaintiff is a former employee of Defendant Professional Bureau of Collections of Maryland, Inc. ("PBCM"). *Motion* [#56] at 3; *Am. Compl.* [#40] ¶ 49. At various times relevant to this lawsuit, Defendant Phillip Justus ("P. Justus") and Defendant Travis Justus ("T. Justus") each served as President of Defendant PBCM and as members of the Board of Directors of Defendant PBCM. *See Decl. of P. Justus* [#56-2] ¶ 1; *see also Motion* [#56] at 6 ¶ 13; *see also Am. Compl.* [#40] ¶¶ 3-4. Plaintiff asserts the following three claims regarding events occurring in connection with her employment with Defendant PBCM: (1) violations of Title VII (hostile work environment, unlawful discrimination on the basis of sex, and retaliation) against Defendant PBCM; (2) violation of the Family Medical Leave Act ("FMLA") (retaliation) against all Defendants; and (3) violation of the FMLA (interference)

---

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 72.2(d) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#24, #27].

[3] Only undisputed facts are included here. Any facts cited from the Amended Complaint [#40] have been explicitly agreed to by Defendants. To the extent necessary, the Analysis section below discusses disputed facts and construes the evidence in a light most favorable to the nonmovant. *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1186 (10th Cir. 2015) ("We . . . recit[e] all summary-judgment evidence in the light most favorable to . . . the nonmovant.").

against all Defendants. *Am. Compl.* [#40] ¶¶ 54-85.

Throughout Plaintiff's employment with Defendant PBCM, Plaintiff complained of workplace harassment. *Id.* ¶¶ 17-26. Plaintiff filed at least some complaints with PBCM's Human Resources department, but continued to be displeased with her workplace. *Id.* ¶ 27; *Motion* [#56] at 7 ¶¶ 18-19. Because Plaintiff has a son with a severe peanut allergy, she submitted FMLA paperwork to PBCM at the beginning of December 2014 so that she could more flexibly care for her son. *Tr. of the Test. of Robyn D. Ross* [#56-1] at 3. On January 31 or February 1, 2015, Plaintiff emailed Defendant P. Justus stating that she would be late on February 1 because her son had gone into anaphylaxis and had been hospitalized. *Id.* at 4. She did not state in the email that she was requesting FMLA leave, but assumed Defendant P. Justus would infer that she was doing so, considering the circumstances. *Id.* About one week later, Plaintiff's employment with PBCM was terminated. *Id.* at 5. Defendants contend that this termination was due to Plaintiff's poor job performance. *See Def. PBCM's Suppl. Resps. to Pl.'s First Set of Combined Disc. Reqs.* [#56-4] at 3-10 (providing detailed explanation of circumstances leading to Plaintiff's termination). Defendants also offer evidence that the decision to terminate Plaintiff was made on or before January 30, 2015. *See Decl. of P. Justus* [#56-2] ¶ 6. Plaintiff maintains that these reasons are pretextual and that she was terminated in retaliation for (1) filing for and using FMLA leave and (2) reporting her complaints to the Human Resources department. *Am. Compl.* [#40] ¶ 50. Plaintiff, however, offers no evidence to support these alternative reasons for her termination.

## II. Standard of Review

**A.     Federal Rule of Civil Procedure 56**

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of her claim such that a reasonable jury could find in her favor. *See Anderson*, 477 U.S. at 248. The nonmovant must go beyond the allegations and denials of her pleadings and provide admissible evidence, which the Court views in the light most favorable to her. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary

judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [her] case or a denial of an opponent's allegation" or it will be disregarded.  *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (4th ed. 2017).

Only documents that meet the evidentiary requirements of Fed. R. Civ. P. 56 may be considered for purposes of summary judgment.  Rule 56(c) provides that:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]
> ...
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(1)-(4).

The Court may not grant a motion for summary judgment merely because the nonmovant has failed to respond.  *See Galvin v. McCarthy*, No. 07-cv-00885-PAB-BNB, 2009 WL 890717, at *2 (D. Colo. March 31, 2009) (citing *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).  The Court must apply the usual Rule 56 analysis and consider whether the moving party has met its burden.  *Id.* (citing *Reed*, 312 F.3d at 1194).  The Court must "accept as true all material facts asserted and *properly supported* in the summary judgment motion" and grant summary judgment if, based on those facts, the moving party is entitled to judgment as a matter of law.  *Reed*, 312 F.3d at 1195 (emphasis added); *see also* Fed. R. Civ. P. 56(e)(3) (stating that if the opposing party does not

respond, summary judgment should be entered if "the movant is entitled to it").

**B.      Fed. Rule of Civil Procedure 12(b)(6)**

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Barnes*, 783 F.3d at 1191-92, conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, she has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

### III. Analysis

**A.      Damages**

**1.      FMLA Claims**

Defendants argue in their Motion [#56] and Reply [#57] that they are entitled to summary judgment in their favor because Plaintiff has failed to establish damages. *Motion* [#56] at 14-15; *Reply* [#57] at 4. Insofar as this argument relates to Plaintiff's FMLA claims for retaliation and interference, Defendants are correct. 29 U.S.C. § 2617 provides that:

> (1) [ ] [a]ny employer who violates section 2615 . . . shall be liable to any eligible employee affected –

>  (A) for damages equal to –
>> (i) the amount of --
>>> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
>>> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care . . . .

29 U.S.C. § 2617(a)(1)(A)(i). In short, employers are not liable for nominal damages and only *actual* losses incurred by a plaintiff are recoverable. *See Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 740 (1972) (discussing that one limitation Congress placed on the FMLA is that "[t]he damages recoverable are strictly defined and measured by actual monetary losses"). Here, Plaintiff has not provided sufficient facts to meet her burden of showing actual losses. In her deposition, Plaintiff testified that she is seeking "lost wages" but could not explain how she intended to prove or calculate these lost wages. *See Tr. of the Test. of Robyn D. Ross* [#56-1] at 17. Defendants have met their burden of demonstrating the absence of a genuine issue of material fact by pointing out to the Court a lack of evidence for Plaintiff on the issue of actual damages. Plaintiff, in turn, has failed to put forth sufficient evidence for this element of her claim, such that a reasonable jury could find in her favor.

Accordingly, the Motion [#56] is **granted** with respect to Plaintiff's FMLA claims of retaliation and interference and judgment is entered in favor of Defendants on these claims pursuant to Fed. R. Civ. P. 56.

### 2. Title VII Damages

Defendants argue that Plaintiff's claims for Title VII violations must also fail due to

the lack of evidence regarding her damages. *Motion* [#56] at 14. In their Reply [#57], they cite to a variety of Third Circuit cases which indicate that nominal damages are not appropriate for Title VII claims. *See* [#57] at 4. However, that is not the law in the Tenth Circuit. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1227 (10th Cir. 2001) (noting the numerous cases in which nominal damages have been awarded in Title VII cases).

Accordingly, the Motion [#56] is **denied** to the extent that Defendant PBCM seeks entry of summary judgment in its favor on this basis with respect to Plaintiff's Title VII claims.

**B.    Title VII Claims**

    **1.    Hostile Work Environment**

        **a.    Request for Dismissal of Hostile Work Environment Claim**

As previously stated, Defendants fully incorporate their Motion to Dismiss [#43] and Reply in Support [#50] into the present Motion [#56]. Within that Motion [#43] and Reply [#50], Defendants challenge Plaintiff's hostile work environment claim, contending that the claim is not "plausible." *Motion to Dismiss* [#43] at 8. At the dismissal phase, the Court must assume a plaintiff's well-pled factual allegations to be true. *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC, v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009) (citing *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)). Having reviewed the Amended Complaint [#40], the Court finds that Plaintiff has plausibly alleged a claim for hostile work environment.

A hostile work environment claim is brought pursuant to Title VII and is viable when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris*, 510 U.S. at 21 (quoting *Meritor*, 477 U.S. at 65, 67). A hostile work environment claim must be evaluated based on all of the circumstances, which may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23.

In the Second Amended Complaint, Plaintiff alleges that she was told to not become friends with subordinate female employees, that when she brought her concerns to Defendant T. Justus regarding the treatment of women at the company he replied that she was "pissing him off," that she was yelled at after confronting "Mr. Brechbill about his treatment of a female employee," that femininity was compared to stupidity, and that Russ Ray "got up and left [his] office" when Plaintiff attempted to discuss the "hostile work environment" with the Human Resources department. *See Second Am. Compl.* [#40] ¶ 24. Plaintiff also alleges that she "experienced multiple examples of humiliating sexual harassment during her employment with PBCM, including Defendant Phillip Justus's habit of blatantly rubbing his genitals through his pants while speaking with female employees, including [Plaintiff]" and that "[b]y 2014, [she] understood that she would be subject to hostility in the form of yelling, cursing, or sexual innuendo on a near daily basis." *Id.* ¶¶ 26, 28. Defendants contend that these allegations, if true, do not rise to a level of hostility that is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive . . . to create an abusive working environment." *See Motion to Dismiss* [#43]

at 8 (internal citations omitted). However, the Court finds that these allegations do in fact constitute a viable claim for hostile work environment because Plaintiff makes allegations of frequent and severe discriminatory conduct. *See Underwood v.Geo Grp., Inc.*, No. 10-cv-00306-LTB-KLM, 2010 WL 2653316, at *6 (D. Colo. June 30, 2010) (declining to dismiss a hostile work environment claim even when "the allegations in the complaint clearly lack details as to when or how many times such [derogatory] comments occurred" because "viewed in Plaintiff's favor, they are sufficient to state a claim that her workplace was permeated with discriminatory ridicule and insult . . . ."); *see also Harris*, 510 U.S. at 371 (clarifying that the reference in [*Meritor*] to environments "'so heavily polluted with discrimination as to destroy completely the emotional and psychological stability of minority group workers,' merely present[s] some especially egregious examples of harassment [and] [does] not mark the boundary of what is actionable" (internal citation omitted)). Accordingly, the Court finds that the claim for hostile work environment should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as argued in Defendants' Motion to Dismiss [#43].

Accordingly, Defendants' request for dismissal of Plaintiff's hostile work environment claim pursuant to Fed. R. Civ. P. 12(b)(6) is **denied**.

    **b.**    **Exhaustion of Remedies**

Defendants contend in their Motion [#56] that Plaintiff failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") relating to her hostile work environment claim. *See* [#56] at 9-10. The Court disagrees. A hostile work environment claim is brought against an employer pursuant to Title VII and

is viable when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986)).

Exhaustion of administrative remedies "serves the important purposes of 'protecting employers by giving them notice of the discrimination claims being brought against them and providing the EEOC . . . with an opportunity to conciliate the claims.'" *Wickware v. Manville*, 676 F. App'x 753, 767 (10th Cir. 2017) (quoting *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1040 (10th Cir. 2015) (alteration in original) (quoting *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014)). Exhaustion is therefore "a condition precedent to suit."[4] *Id.* (citing *Gad*, 787 F.3d at 1034). The pleading standard related to the EEOC charge is, however, relaxed: "[w]hen an employee seeks judicial relief for incidents not listed in [her] original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge . . . ." *Mitchell v. City & Cty. of Denver*, 112 F. App'x 662, 667 (10th Cir. 2004) (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (internal quotations omitted)). "A claim is considered 'reasonably related' when 'the conduct complained of would fall within the

---

[4] The Tenth Circuit has acknowledged that the previously-settled issue of whether exhaustion of administrative remedies under Title VII is jurisdictional is no longer a settled issue based on recent opinions from the United States Supreme Court. *See, e.g.*, *Wickware*, 2017 WL 167460, at *11 n.4. However, the Circuit has declined to determine the issue where, as here, the defendants have argued the issue of exhaustion independently and there is no need for the Court to decide to raise the issue of exhaustion sua sponte to determine whether it may exercise jurisdiction over the claims. *See id.*

scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made.'" *Id.* (quoting *Deravin v. Kerik*, 335 F.3d 195, 200-201 (2d Cir. 2003)). "To determine whether the hostile work environment claim is reasonably related to the administrative charge, we look first to the language of the charge itself." *Id.*

Plaintiff's charge, in its sex discrimination portion, states that Plaintiff was

> discriminated against . . . based on [her] sex in violation of Title VII of the Civil Rights Act of 1964 by, for example: (a) holding [her] to disparate attendance standards because of [her] caregiving responsibilities; (b) making derogatory sexual comments to and about women and mothers at PBCM, including [Plaintiff]; (c) repeatedly subjecting [her] to sexual comments; (d) telling [her] to smile more; (e) comparing femininity to stupidity; and (f) terminating [her] employment within a week of missing a half day of work because [she] was at the hospital with [her son], who had been admitted due to a severe allergic reaction.

*Am. Charge of Discrimination* [#56-1] at 29-30. Based on this language, the Court previously found that Plaintiff exhausted her administrative remedies because "she complains of . . . events which could be construed as supporting a claim for a hostile work environment." *See Order* [#37] at 15. Furthermore, the investigation of sex discrimination could reasonably be expected to encompass an investigation into a hostile work environment claim.

Defendants revive this argument in the present Motion [#56] based on Plaintiff's deposition testimony given approximately three months after the Order [#37] was issued. When asked about the charge, Plaintiff stated that "looking at [her] charge" a hostile work environment claim was "not written [t]here." *Tr. of the Test. of Robyn D. Ross* [#56-1] at 9. The Court is not convinced that this is an admission by Plaintiff that she failed to exhaust her administrative remedies. Although the words "hostile work environment" are not literally written on the charge form, the charge meets the standard for exhaustion. Furthermore,

to the extent that Plaintiff alleges specific incidents in support of her hostile work environment claim in the Amended Complaint but not in the EEOC charge, this does not mean that she has not exhausted her administrative remedies, because the doctrine that "each discrete incident of [discriminatory or retaliatory actions by employers] . . . must be exhausted . . . [does] not apply . . . to hostile work environment claims." *Martinez v. Potter*, 347 F.3d 1208, 1210-1211 (10th Cir. 2003).

Accordingly, the Court finds that Plaintiff exhausted her administrative remedies relating to her Title VII hostile work environment claim.

### c. Request for Summary Judgment on Hostile Work Environment Claim

Even though Plaintiff failed to file a Response to the Motion [#56], the Court must apply the usual Rule 56 analysis and consider whether Defendants have met their burden. *See Galvin*, 2009 WL 890717, at *2 (citing *Reed*, 312 F.3d at 1194). The Court must "accept as true all material facts asserted and *properly supported* in the summary judgment motion" and grant summary judgment if, based on those facts, Defendant PBCM is entitled to judgment as a matter of law. *See Reed*, 312 F.3d at 1195 (emphasis added); *see also* Fed. R. Civ. P. 56(e)(3) (stating that if the opposing party does not respond, summary judgment should be entered if "the movant is entitled to it").

In connection with Plaintiff's hostile work environment claim, Defendants solely argue in their Motion [#56] that Plaintiff failed to exhaust her administrative remedies. In other words, they do not direct the Court's attention to any evidence which precludes the existence of a genuine issue of material fact relating to a hostile work environment claim. Summary judgment is therefore inappropriate on this claim because Defendants have not

shown the absence of a genuine issue of material fact or made a prima facie demonstration of the absence of a genuine issue of material fact by pointing out to the Court a lack of evidence for Plaintiff on an essential element of Plaintiff's claim. *See* Fed. R. Civ. P. 56(a); *see also Adler*, 144 F.3d at 670-71 (citing *Celotex*, 477 U.S. at 323).

Accordingly, Defendants' request for entry of summary judgment in Defendant PBCM's favor on Plaintiff's hostile work environment claim pursuant to Fed. R. Civ. P. 56 is **denied**.

### 2. Disparate Treatment and Retaliation

Plaintiff's claims for disparate treatment and retaliation against Defendant PBCM are asserted under Title VII. Title VII prohibits an employer from engaging in certain behavior, including discriminating against any individual "because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000(e)-2(a) (disparate treatment). Title VII also forbids an employer from retaliating against an individual because the individual "has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000(e)-3(a) (retaliation).

A plaintiff may prove a Title VII claim by either direct or circumstantial evidence. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008); *Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004). Direct evidence demonstrates on its face that employment termination was either discriminatory or retaliatory. *Adamson*, 514 F.3d at 1145. In contrast, circumstantial evidence permits the fact finder to draw a reasonable inference from facts indirectly related to discrimination or retaliation that disparate treatment or retaliation has, in fact, occurred. *Anderson*, 122 F.

App'x at 916. When a plaintiff offers only circumstantial evidence, his or her claims are subject to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973).

Because Plaintiff does not provide direct evidence of disparate treatment or retaliation, and because the Court's review of the record reveals none, Plaintiff's claims are subject to the burden-shifting framework of *McDonnell Douglas*. Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination or retaliation. *See McDonnell Douglas*, 411 U.S. at 802-04. If the plaintiff meets this initial burden, the defendant must then offer a legitimate, non-discriminatory reason for its employment action. *Id.* If the defendant offers a legitimate, non-discriminatory reason for its employment action, the plaintiff then bears the ultimate burden of demonstrating that the defendant's proffered reason is pretextual. *Id.* To show pretext, Plaintiff must present evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1203 (10th Cir. 2006) (citations omitted).

The Court need not decide whether Plaintiff has shown a prima facie case of disparate treatment or retaliation because, even assuming that she has, she has failed to rebut Defendants' asserted legitimate reasons for her termination. Defendant PBCM has offered evidence supporting its contention that Plaintiff's work performance was deficient and indicating legitimate reasons for terminating Plaintiff. *See Def. PBCM's Suppl. Resps. to Pl.'s First Set of Combined Disc. Reqs.* [#56-4] at 3-10. Among other things, Defendant

PBCM notes that Plaintiff "abused her position with the Company . . . [and] publiciz[ed] [an individual's] sensitive and confidential information," "failed timely to submit license renewal documentation to the State of Nebraska . . . forcing [PBCM] to suspend all operations within the entire state resulting in tens of thousands of dollars in losses to the Company," and "failed to appear at [a] hearing, either live or telephonically" resulting in "a default award in the amount of nearly $7,000" against PBCM. *Id.* at 4-6. Plaintiff has simply failed to meet her burden of presenting evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [Defendant PBCM's] proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that [Defendant PBCM] did not act for the asserted non-discriminatory reasons." *Argo*, 452 F.3d at 1203 (citations omitted).

Accordingly, the Motion [#56] is **granted** with respect to Plaintiff's Title VII claims of retaliation and discrimination and judgment is entered in favor of Defendant PBCM on these claims pursuant to Fed. R. Civ. P. 56.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#56] is **GRANTED in part**, and that judgment is entered in favor of Defendants on all claims in this matter, **except** for Plaintiff's hostile work environment claim against Defendant PBCM.

IT IS FURTHER **ORDERED** that a joint Final Pretrial Conference, Jury Instructions Conference, and Trial Preparation Conference is **SET** for **November 19, 2018**, at **1:30 p.m.** in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th

Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that a proposed Final Pretrial Order and proposed Jury Instructions shall be filed on the electronic docket **no later than November 12, 2018**.

IT IS FURTHER **ORDERED** that a four-day Jury Trial is set to begin on **December 3, 2018**, at **9:00 a.m.** in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

Dated: July 30, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge